837 P.2d 1189

**STATE of Arizona, Appellee,**

v.

**John Thomas RUSHTON, Appellant.**

**Nos. 1 CA–CR 90–484, 1 CA–CR 90–584.**

Court of Appeals of Arizona,
Division 1, Department A.

April 21, 1992.

Redesignated as Opinion and Publication
Ordered June 9, 1992.

Review Denied Oct. 20, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by Wayne E. Yehling, Tucson, for appellant.

OPINION

GRANT, Presiding Judge.

### I. FACTS AND PROCEDURAL HISTORY

Appellant John Thomas Rushton ("defendant") was convicted following a jury trial of one count of indecent exposure. The jury failed to reach a verdict on three counts of child molestation alleged in the same indictment. The trial court suspended sentence on the indecent exposure conviction and placed defendant on probation for three years with a special condition that he serve one year in the county jail. Subsequently, defendant entered an *Alford*[1] plea of guilty to one count of attempted child molestation in exchange for dismissal of the remaining counts of the indictment. The trial court sentenced defendant to nine years' imprisonment. Pursuant to the plea

---

**1.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**2.** *See State v. Via,* 146 Ariz. 108, 116, 704 P.2d 238, 246 (1985) (where numerous transactions

agreement, the trial court also terminated defendant's probation on the indecent exposure conviction and sentenced him to one year imprisonment to be served concurrently with the nine-year sentence with credit for time served.

The two matters were consolidated on appeal. Defendant challenges both the indecent exposure conviction following the jury verdict and the validity of the plea agreement resulting in the attempted child molestation conviction. We affirm.

### II. DISCUSSION

#### A. *Duplicitous Indictment*

Defendant complains for the first time on appeal that count IV of the indictment, the indecent exposure count, is duplicitous. The charge reads:

On or about 9th day of April, 1989, in the vicinity of 2844 S. Cisco Drive, Lake Havasu City, Mohave County, Arizona, said Defendant JOHN THOMAS RUSHTON, exposed his genitals to Breanna S. age 6 years, Nicole S. age 4 years, Shanon B. age ten years, while being reckless about whether the other person as a reasonable person, would be alarmed or offended by the act, all in violation of A.R.S. Sec. 13–1402, 13–701 and 13–801, a Class 6 Felony.

Defendant contends that, because separate counts could have been alleged as to each victim and several instances of exposure were testified to at trial, the indictment is duplicitous and the conviction should be reversed. Without determining whether the indictment is in fact duplicitous or simply alleges a continuing scheme or course of conduct properly alleged in a single count,[2] we agree with the state that defendant has waived any error.

Failure to object to duplicity either prior to or during trial constitutes a waiver of that objection. *State v. Kelly,* 149 Ariz. 115, 716 P.2d 1052 (App.1986). The reason-

are merely parts of a larger scheme, a single count encompassing the entire scheme is proper).

ing behind this waiver rule is clearly demonstrated by the instant case. If, upon a timely objection by the defense, the indictment had been dismissed without prejudice, the state could have then charged defendant with at least three counts of indecent exposure, one as to each victim, subjecting defendant to the possibility of multiple convictions and multiple penalties. While defendant risked, in the alternative, the possibility of a non-unanimous guilty verdict on the single charge as alleged, his failure to object to the indictment indicates a risk he was willing to take. Defendant simply gambled and lost and cannot now be heard to complain.

Defendant argues, however, that we should not be persuaded by the state's waiver theory because the trial judge was not "sand-bagged" by defendant's failure to object to the form of the indictment. Defendant contends that the trial judge became "an active participant" in the problem when he advised the jury, with respect to the forms of verdict, that it need not unanimously find that defendant exposed himself to any one victim as long as all of the jurors found that defendant exposed himself to at least one of the alleged victims at some time. This argument does nothing to advance defendant's position. To the contrary, rather than excuse defendant's failure to object to the indictment, the trial court's instruction to the jury, given without objection by the defense, further demonstrates defendant's complicity in the charge as alleged. Had defendant truly been concerned with the danger of a non-unanimous jury verdict so as to risk the possibility of multiple convictions and penalties, he had ample opportunity to raise the issue in the trial court. He failed to do so and is not entitled to relief from this court. *See State v. Schroeder,* 167 Ariz. 47, 804 P.2d 776 (App.1990) (defendant was not prejudiced by arguably duplicitous indictment where each separate act of sexual abuse could have been the subject of a separate count subjecting defendant to the possibility of several felony convictions with multiple penalties).

## B.  *Hearsay*

Defendant next contends that statements made by the victims to a social worker, Carmen Rideout, were hearsay and were improperly admitted by the trial court. In admitting Ms. Rideout's testimony regarding the victims' statements, the trial court found that the testimony was admissible under the medical treatment exception of the hearsay rule, Rule 803(4), Arizona Rules of Evidence, or the residual exception to the rule, Rule 803(24).

With respect to the medical treatment exception, defendant complains that nothing in the record indicates that Ms. Rideout was providing "medical" treatment as contemplated by the rule because "there is no evidence that Rideout was certified or authorized to diagnose, treatment [sic] or correct medical conditions." In disposing of defendant's argument, we note first that there is in fact evidence in the record that the statements were made by the victims during the course of mental health treatment and counseling with Ms. Rideout, who is employed as a child specialist counselor for the Mohave Mental Health Clinic in Lake Havasu City. Ms. Rideout testified that the purpose of the counseling that she provides is to help victims develop "coping skills to deal with problems that come up in the future and ones that [they are] currently dealing with."

Arizona courts previously have determined that this type of mental health treatment or therapy falls within the ambit of the medical purposes exception of Rule 803(4). *See State v. Robinson,* 153 Ariz. 191, 735 P.2d 801 (1987) (certified psychologist treating child for psychological problems stemming from sexual abuse was treating the child for "medical" purposes within meaning of exception to hearsay rule); *Matter of Juvenile Dep. Action No. 96290,* 162 Ariz. 601, 785 P.2d 121 (App. 1990) (psychiatric social worker was treating child for "medical" purposes within the meaning of exception to hearsay rule). At trial the defense did not challenge or otherwise discredit Ms. Rideout's testimony regarding the purpose of her sessions with the victims. Likewise, defendant's objec-

tion here lies not so much with the type of treatment involved or the purposes for which the statements were made, but simply with the fact that Ms. Rideout was not a "certified" psychologist. Ms. Rideout's testimony did establish, however, that she was "authorized" to counsel and treat sexually abused children.

■ In any event, defendant has not provided us with any authority to support his argument that mental health counselors must be licensed or certified in some manner before their testimony may be admitted under the medical treatment exception. Given the rationale underlying the rule that practitioners will seek and patients will give reliable information to further necessary treatment, *Robinson*, 153 Ariz. at 199, 735 P.2d at 809, the certification status of the practitioner is irrelevant. As noted by the authors of *Law of Evidence:*

> Under the broad language of the rule, the statement "need not have been made to a physician. Statements to hospital attendants, ambulance drivers, or even members of the family might be included."

Morris K. Udall et al., *Law of Evidence* § 129, at 279 (3d ed. 1991) (quoting Federal Advisory Committee's Note, Rule 803, Exception (4)). As the record here provided sufficient foundation for admission of the statements under Rule 803(4), we find no error. Given this conclusion, we need not address defendant's argument regarding the admissibility of the testimony under Rule 803(24).

## C. *Illegality of Plea Agreement*

■ As his third contention of error, defendant complains that the plea agreement under which he was convicted of attempted child molestation was illegal in that it provided he would not be sentenced under the provisions of A.R.S. section 13–604.01, the dangerous crimes against children statute, but only under the more lenient sentencing provisions of A.R.S. section 13–701. Defendant concludes, therefore, that the plea agreement should be vacated. We agree with the defendant that the plea agreement, as written, illegally allowed him to avoid the provisions of

section 13–604.01. *See State v. Kinslow,* 165 Ariz. 503, 799 P.2d 844 (1990). We do not agree, however, that the illegality of the agreement requires this court to set it aside.

In *Kinslow*, the defendant faced 16 felony charges, several of which constituted dangerous crimes against children subjecting him to punishment under section 13–604.01. Defendant entered into a stipulation and agreement with the state wherein the defendant agreed to waive his right to a jury trial and submit the case to the trial judge on the record. The agreement also provided, in pertinent part, that any conviction for crimes involving the same victim would receive concurrent sentences and that defendant would be parole-eligible in 25 years, all in violation of sections 13–604.01(F) and (J).

The court became aware of the errors only upon reviewing the record on appeal. Pursuant to *State v. Dawson,* 164 Ariz. 278, 792 P.2d 741 (1990), the majority concluded that, in the absence of a proper appeal or cross-appeal by the state, it had no jurisdiction to correct the illegally lenient sentences. The court noted that, in any event, the sentencing errors were merely technical in that defendant received seven other consecutive life sentences, was also facing lengthy New Mexico and federal sentences, and was unlikely to be released from prison at all during his lifetime, regardless of when he became parole-eligible on the sentences in question.

Justice James Duke Cameron dissented, expressing his disagreement with *Dawson*, and stating his belief that an illegally lenient sentence is fundamental error requiring the stipulation and agreement to be set aside. The majority, however, specifically addressed and rejected this argument, writing:

> The dissent suggests that we set aside the stipulation as illegal, reverse the convictions, and remand this case for reinstatement of the original 19 felony counts. *Even if we had the jurisdiction to do so,* which *Dawson* clearly establishes we do not, the result of such a disposition in this case would be to subject the

victims to further emotional harm. The record indicates that one reason the state agreed to stipulate here was to prevent the psychological devastation that would result if this family had to testify regarding defendant's acts, which included the rapes of the mother and the 11-year-old child during the course of the family's kidnapping. In light of the technical nature of the sentencing errors, we cannot agree that such a disposition, with its resulting harm to the victims, would be the appropriate remedy in any event. *See, e.g., State v. Draper,* 162 Ariz. 433, 440, 784 P.2d 259, [2]66 (1989) (public policy favors protection of victims from harm and trauma).

*State v. Kinslow,* 165 Ariz. at 507, 799 P.2d at 848 (emphasis added).

Similarly, in this case, even if defendant's raising of the issue gave this court jurisdiction to address the illegal sentence, we believe public policy militates against our simply vacating the illegal agreement. First, the sentencing error here, as in *Kinslow,* can be considered "technical" in that the state could have offered virtually the same sentence merely by stipulating to a less-than-presumptive term under section 13–604.01(G)[3] and by stipulating to the probation revocation or modification as provided in the original agreement.

Moreover, again as in *Kinslow,* the record indicates that one reason the state was willing to enter the plea agreement was to preclude the necessity of the young victims' having to testify again at trial and relive the acts they were attempting to overcome. Under the circumstances, our setting aside the agreement is not an appropriate remedy. To the extent defendant argues the state's "inducement" of his plea with an illegally lenient sentence renders it involuntary, we cannot make that determination on the record before us. The issue would more appropriately be raised by way of a petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.

 Defendant's fourth contention of error, also challenging the legality of the agreement, requires the same result. In addition to the section 13–604.01 violations, defendant complains that the agreement improperly allowed the court to terminate his probation on the indecent exposure conviction. We need not determine whether the agreement was in fact illegal in this regard, however, as any impropriety inured to defendant's benefit in that, in the trial court's words, he received a "meaningless" sentence on the indecent exposure conviction. For the policy reasons set forth above, we decline to set aside the plea agreement. Again, any claim that the plea was involuntary due to irregularities therein should be raised by Rule 32 proceedings.

We have reviewed the record for fundamental error and found none. The convictions and sentences imposed are affirmed.

LANKFORD and TOCI, JJ., concur.

---

**3.** That section of the statute calls for a presumptive term of ten years, which may be increased or decreased by five years, without release eligibility until one-half the sentence is served.