8 P.3d 1174

**STATE of Arizona, Appellee,**

v.

**David Edward PETRAK, Appellant.**

**No. 1 CA–CR 99–0730.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 31, 2000.

As Amended Sept. 11, 2000.

---

[redacted]

262

Janet Napolitano, Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and James P. Beene, Assistant Attorney General, Phoenix, for Appellee.

Sherman Jensen, Chandler, for Appellant.

## OPINION

GERBER, Judge.

¶ 1 David Edward Petrak appeals his conviction for misconduct involving weapons pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–3102(A)(8) (Supp. 1999). He contends the trial court erred in admitting certain evidence and in failing to instruct the jury that, to convict, it had to find more than a mere temporal nexus between the guns and the drugs that formed the factual basis for the charge. We agree and reverse Petrak's conviction for weapons misconduct.

## FACTS

¶ 2 Petrak was charged by indictment with possession of marijuana for sale, possession of marijuana, possession of drug paraphernalia, and weapons misconduct.[1] The indictment specified that he committed weapons misconduct by possessing a deadly weapon during the commission of a felony and alleged that the underlying felony was possession of marijuana and/or possession of drug paraphernalia. Before trial, the state moved to amend the indictment to clarify that the possession-for-sale charge could also form the basis for the weapons-misconduct charge. Petrak did not object to the amendment, and the trial court allowed it.

¶ 3 Prior to trial, Petrak filed a "trial memorandum" advising the court of his position that conviction on the weapons misconduct charge required proof of more than mere possession of guns along with possession of drugs. He contended that the evidence must show a nexus between the guns and the drugs, that the guns must "facilitate, or have the potential of facilitating, the drug ... offense," citing *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citations omitted). During the first day of trial, the parties discussed this issue, and the state agreed that, if the weapons were physically separate from the drugs, there would be "two separate

---

1. The indictment also charged one count of reckless child abuse, but that count later was dismissed on the state's motion.

incidents," but argued that the evidence would show that Petrak possessed, in his vehicle, a pipe with marijuana in its bowl and two guns. Petrak continued to argue that the statute requires not only physical proximity but also a nexus between the guns and the drugs to support a conviction.

¶ 4 At trial, the state presented evidence of drugs and paraphernalia found in Petrak's house and of a marijuana pipe and two guns found in his truck. Petrak objected to the state's introduction of testimony that guns were found in his house and moved for a mistrial after the court overruled his objection and allowed the testimony. He contended that, throughout the case, he believed the state's theory of the weapons misconduct charge was based on the guns and drugs found in his truck, not on guns and drugs found in his home.[2] He argued that the state changed its theory of the case because it had failed to have the substance found in the pipe analyzed and therefore could not present expert testimony that the substance was marijuana, which undermined its attempt to prove weapons misconduct based on evidence of guns and drugs in the vehicle. The trial court denied the motion for mistrial. Over Petrak's objection, the trial court allowed Officer Duthie to testify that, in his opinion, the substance found in the pipe in the truck was marijuana.

¶ 5 Petrak later renewed his motion for mistrial, contending that the testimony regarding the guns in the house should not have been admitted. He alternatively moved for a directed verdict of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure, arguing that there was no nexus between the drugs found in the house and either the guns in the house or the guns in the vehicle, and that there was inadequate proof of a usable amount of marijuana in the vehicle to support a conviction based on the guns and drugs in the truck. The state appeared to agree that it was arguing for

conviction only on the basis of either the guns and drugs in the house or the guns and drugs in the vehicle, not on the basis of the guns in the truck and the drugs in the house. The trial court denied Petrak's motion, reading the statute to mean that, "If you're in possession of illegal drugs it's a crime to be in possession of a gun, and that means to own one." Over Petrak's objection, the trial court allowed the state to reopen its case to present Duthie's opinion that the marijuana in the pipe in the truck was a usable amount.

¶ 6 In settling the jury instructions, the trial court denied Petrak's request for an instruction explaining that the jury must find a nexus between the guns and drugs to convict on the weapons misconduct charge. The court instructed the jury that

> The crime of misconduct involving weapons requires proof of the following:
>
> One. David Edward Petrak knowingly used or possessed a deadly weapon during the commission of a drug offense.

In closing argument, the state argued as follows:

> Finally, you have the elements . . . of the . . . weapons offense. Knowingly used or possessed deadly weapons during a drug offense.
>
> He possessed marijuana. That is clear. It's all over his house.
>
> He also possessed deadly weapons; two pistols inside of his car, with a lot of ammunition. Both of the pistols were loaded. Four of the weapons inside of his house, inside of his room.

¶ 7 During deliberations, the jurors sent a question to the court:

> Count # 4 "Commission of a drug offense"—Does the law say: if you are away from the substance, are you still in possession of the substance (i.e., if the substance

---

**2.** Petrak admitted that he was aware that the state alleged it had found guns in his home, but argued that the state had conceded at the grand jury hearing that it could not prosecute based on those guns. The state presented evidence at the grand jury proceeding that the police found two guns and a pipe with marijuana in Petrak's truck, and·found marijuana, various items of

drug paraphernalia, and six guns in Petrak's residence. The officer who testified at the grand jury proceeding, however, stated that the guns found in Petrak's residence were not seized because "it was overlooked . . . they weren't right next to where the drugs were and so it was something that we decided not to do at the time."

is at home and you are at work—are you in possession)?

The court referred the jury to the instructions given and to the verdict forms.

¶ 8 The jury convicted Petrak of all four offenses charged. After denying Petrak's motion for a new trial, the court entered judgment and placed him on four years probation with six months in jail. Petrak timely appealed.

## DISCUSSION

### A. Jury Instructions Regarding Weapons Misconduct

■■■ ¶ 9 Petrak argues the trial court erred in failing to instruct the jury that the weapons misconduct charge required proof that he possessed the weapons "in relation to" the crime of possessing marijuana. "A party is entitled to an instruction on any theory of the case reasonably supported by the evidence." *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995). We review the trial court's decision to refuse a jury instruction for an abuse of discretion and will reverse only if the instructions, taken as a whole, misled the jurors. *See State v. Schrock*, 149 Ariz. 433, 440, 719 P.2d 1049, 1056 (1986).

■■■ ¶ 10 The weapons misconduct statute prohibits (among other actions) "knowingly ... [u]sing or possessing a deadly weapon during the commission of any felony offense included in chapter 34 of this title." A.R.S. § 13–3102(A)(8) (Supp.1999). In interpreting a statute, we look first to its language and apply the language unless the result is "absurd or impossible." *See Lowing v. Allstate Ins. Co., Inc.*, 176 Ariz. 101, 103, 859 P.2d 724, 726 (1993). If statutory terms are defined, we apply that definition; otherwise, we interpret statutory terms "in accordance with their commonly accepted meanings." *State v. Reynolds*, 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992).

¶ 11 "Possess" and "possession" are defined in section 13–105 but not in the weapons misconduct statute. "Possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13–105(30) (Supp.

1999). " 'Possession' means a voluntary act if the defendant knowingly exercised dominion or control over property." A.R.S. § 13–105(31). These terms encompass constructive possession of an item; a defendant may exercise dominion and control over an item without having physical possession. *See State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 13, 965 P.2d 94, 97 (App.1998); *State v. Villalobos Alvarez*, 155 Ariz. 244, 245, 745 P.2d 991, 992 (App.1987). These terms do not indicate that the statute requires anything more than constructive possession of a weapon and commission of a drug offense to sustain a conviction under the statute.

¶ 12 In everyday usage, the term "during" means "throughout the course or duration" or "at some time in." *See* Webster's II New College Dictionary 351 (1995). Thus, the statute, by its plain language, requires proof that a defendant possessed a deadly weapon "at some time in" the commission of a qualifying felony offense. The plain language of the statute requires only a temporal nexus between possession of the weapon and commission of the offense.

¶ 13 Petrak argues that the phrase "during the commission of" in A.R.S. section 13–3102(A)(8) must mean more than just "at the same time." Otherwise, he argues, a person violates the statute if he owns a gun locked in a bank safe deposit box and possesses illegal drugs at his home. In his view, such a statute would be unconstitutionally vague and overbroad for omitting adequate notice of the conduct it prohibits. He argues that the weapons misconduct statute should be interpreted consistently with the similar federal statute, 18 U.S.C. § 924(c), which prohibits using or carrying a firearm "during and in relation to" certain drug offenses. Indeed, the United States Supreme Court has interpreted the federal statute to require proof that the firearm have "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). The gun must facilitate or have the potential to facilitate the offense. *See id.* (citing *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985)).

¶ 14 The federal statute, however, differs significantly from the Arizona statute. *Compare* 18 U.S.C. § 924(c)(1) *with* A.R.S. § 13–3102(A)(8) (Supp.1999). The federal statute applies to a person who "uses or carries" a firearm and does not mention mere "possession" as a basis for conviction.[3] It requires the use of the weapon "during and in relation to" the underlying drug offense. The Arizona statute does not contain the words "in relation to"; instead it applies to persons who use or possess the weapon "during the commission of" the underlying felony. Because the federal statute substantially differs from our statute, we do not find the federal cases persuasive in interpreting the Arizona statute.

¶ 15 The sparse legislative history for section 13–3102 similarly fails to assist us. The legislature submitted the weapons misconduct statute for consideration in 1990 as part of House Bill Number 2080. The section remained entirely unmodified; no record exists of any attempt to amend or clarify its meaning, and no official legislative declarations or findings address this section. One legislator offered her opinion that the "major goal is to let the gangs who have come into Arizona and the drug-lords who want to monopolize our communities to know that we are tired of it, we're not going to put up with it, and we are going to take back our communities." Debate on H.B.2080 Before the House Committee of the Whole, 39th Legis., 2d Reg. Sess., Feb. 18, 1990 (statement by B. Burns, Rep.). This rather broad assertion could support either a conclusion that the weapons misconduct statute requires that the gun possession facilitate commission of a crime or a conclusion that the legislature sought to impose strict liability for possession of guns by those who commit crimes, so as to "clean up the streets."

¶ 16 We find it persuasive that other courts facing similar language have required a nexus between the gun and the crime to avoid absurd results or overbreadth. The Wisconsin Supreme Court recently interpreted a similar sentence enhancement provision that increased the penalty for crimes committed "while possessing, using or threatening to use a dangerous weapon." *See Wisconsin v. Peete,* 185 Wis.2d 4, 517 N.W.2d 149, 152 (1994) (interpreting Wis. Stats. § 939.63(1)(a) (1989–90)). The court began by explaining that in Wisconsin (as in Arizona) "possession" generally includes both actual and constructive possession and noted that "it would be absurd to apply the penalty enhancement statute to situations in which there is no relationship between the offense and possession of a dangerous weapon, regardless of whether that possession is actual or constructive." *Id.* at 152–53. The court concluded that the statute must require a nexus between the crime and the gun. It explained that the language of the statute (commission of a crime "while . . . using or threatening to use") implied that the use or threatened use of a gun must facilitate the crime. By extension, the Wisconsin statute required proof that the defendant's *possession* of the gun facilitated the crime. It reversed the defendant's conviction because the trial court had failed to instruct the jury that it must find that the defendant possessed the weapon to facilitate the crime. *See id.* at 154.

¶ 17 The Colorado Court of Appeals also recently interpreted a statute providing for an enhanced sentence for a defendant who "used, displayed, possessed, or had available for use a deadly weapon." *See Colorado v. Atencio,* 878 P.2d 147, 149 (Colo.App.1994) (quoting Colo.Rev.Stat. § 18–18–407(1) (Supp.1993)). It held that the statute required a nexus between the offense and the use of the weapon. The court found the terms "use, display, possession, or availability for use" to be "nexus terms" and concluded that a showing of spatial proximity was

---

**3.** The Supreme Court has strictly construed the term "use" in the federal statute, and although the term "carries" has been more broadly interpreted, the Court nevertheless has interpreted it to mean more than mere constructive possession of a gun at a site remote from the scene of the drug crime. *See, e.g., Muscarello v. United States,* 524 U.S. 125, 132, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (term "carries" applies to one who possesses and conveys firearms in locked glove compartment or trunk of a car); *Bailey v. United States,* 516 U.S. 137, 148–49, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) ("use" means "active employment" of firearm).

sufficient to satisfy the requirement that a gun be "available for use." *Id.* at 150.

¶ 18 Other courts have interpreted the word "possession" to encompass "the elements of availability and accessibility." *See, e.g., Barnett v. Delaware*, 691 A.2d 614, 618 (Del.1997) (interpreting statute that prohibited "possession of a firearm during the commission of a felony"); *cf. Washington v. Johnson*, 94 Wash.App. 882, 974 P.2d 855, 861 (1999) (holding defendant is "armed" for purposes of deadly weapon allegation if weapon is "easily accessible and readily available for use"). These cases require a spatial nexus between the person and the gun for the weapon to fall within the statute.

■ ¶ 19 We agree with the reasoning of these cases. Our weapons misconduct statute requires more than a mere temporal nexus between the weapon and the crime alleged. The thrust of the statute is to deter the use of weapons to facilitate crime. The state must prove that the defendant intended to use or could have used the weapon to further the felony drug offense underlying the weapons misconduct charge. Factors tending to show that the weapon was or could be used in this way for a drug offense include the spatial proximity and accessibility of the weapon to the defendant and to the site of the drug offense. One or more of these factors may suffice to establish a nexus, depending upon the crime alleged.

¶ 20 Because the trial court did not instruct the jury that it was required to find that the weapon was used or available for use or was intended to further the drug offense, the jurors were misled regarding the legal principles to apply in determining guilt. *See Schrock*, 149 Ariz. at 440, 719 P.2d at 1056. The jurors' question during deliberations may reflect their confusion about the proper standard for the weapons misconduct charge. Additionally, the evidence presented was not overwhelming. The drugs in Petrak's vehicle were not chemically analyzed and the guns found in his home were neither seized nor produced as evidence. The jury might well have improperly convicted Petrak of weapons misconduct based on the guns in his truck and the drugs in his house.

**B. Indictment**

■ ¶ 21 Petrak also contends that because Officer Duthie had testified before the grand jury that the guns in the house were not seized because they lacked sufficient relation to the drugs and paraphernalia, the trial court erred in allowing the state to present evidence of these guns. He argues that the grand jury could not have indicted him for the weapons misconduct charge based on the guns found in his residence but only for the guns and marijuana found in the vehicle. Therefore, in Petrak's view, the state violated his due process rights by presenting evidence and arguing for a conviction based on the guns found in the residence. *See* U.S. Const., amends V, XIV; Ariz. Const., art. 2, § 4; *State v. Cummings*, 148 Ariz. 588, 590, 716 P.2d 45, 47 (App.1985) (defendant cannot be convicted for crimes not presented to the grand jury and forming basis for the indictment).

¶ 22 Officer Duthie testified before the grand jury that the police found six guns in the master bedroom at Petrak's residence. Contrary to Petrak's assertion, Duthie did not testify that the guns found in the residence were not evidence of any offense; instead he testified that their evidentiary value "was overlooked" because they were not found near the seized drugs. The record does not support Petrak's assertion that the grand jury "could not" have indicted him based on the testimony that guns were found in his residence. We therefore decline to hold, on this basis, that the trial court erred in admitting the evidence.

■ ¶ 23 Petrak alternatively contends that, if the evidence of guns in his home was before the grand jury, the indictment is duplicitous because it charged more than one instance of weapons misconduct in a single count of the indictment. *See State v. Schroeder*, 167 Ariz. 47, 52, n. 4, 804 P.2d 776, 781, n. 4 (App.1990) ("duplicity" means "charging more than one crime in a single count or charging what can be multiple counts of the same crime in a single count"). Duplicitous indictments are prohibited because they deny adequate notice of the charge to be defended, present a threat of a non-unanimous jury

verdict, and render a precise pleading of prior jeopardy impossible in the event of a later prosecution. *See State v. Whitney,* 159 Ariz. 476, 480, 768 P.2d 638, 642 (1989) (citing *Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927)).

¶ 24 The state does not contest Petrak's assertion that the indictment, as interpreted at trial, is duplicitous. Instead it submits that Petrak has waived his objection to the indictment, citing *State v. Rushton,* 172 Ariz. 454, 455, 837 P.2d 1189, 1190 (App. 1992), and *State v. Kelly,* 149 Ariz. 115, 117, 716 P.2d 1052, 1054 (App.1986). In general, objections to defects in an indictment must be raised by motion filed under Rule 16, Arizona Rules of Criminal Procedure. *See* Ariz. R.Crim. P. 13.5(c). Rule 16.1 requires such motions to be filed "no later than 20 days prior to trial," and provides that any "motion, defense, objection, or request not timely raised ... shall be precluded, unless the basis therefor was not then known and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it." Ariz. R. Crim. P. 16.1(b), (c).

¶ 25 Petrak did not file a motion challenging the indictment as duplicitous 20 days before trial. On the first day of trial, however, in his "trial memorandum," he questioned whether the state had to prove a nexus between the guns and the drugs to support a conviction for weapons misconduct. In discussing the memorandum prior to trial, the prosecutor contended that the state had adequate evidence to support a conviction because both drugs and guns were found in Petrak's vehicle and that it need not prove any additional nexus. The prosecutor did not mention the possibility of conviction based on guns and drugs found in the house. Additionally, the state did not mention the guns in the house in its opening statement to the jury. Thus the state did not communicate its belief that the indictment covered a weapons misconduct charge based upon the guns found in the house until sometime after the trial commenced.

¶ 26 Moreover, defense counsel expressed surprise when, on the second day of trial, the state offered the evidence of guns in the house. Counsel immediately objected to the evidence and moved for a mistrial:

> Basis for this motion ... is that throughout the preparation of this case, through opening statements and through the course of this trial, thus far, it has been the defense's understanding and belief, based upon the representations of the State, that the State's theory with respect to the gun charge in this indictment related to those firearms found in the pickup truck.
>
> I was informed this morning ... that this supposed substance found in the truck was not analyzed and therefore there has been no evidence or testimony to suggest that any of the substance ... was, in fact marijuana.
>
> ...
>
> Now, because of that circumstance, the State has, in midstream, changed its course and direction, endeavoring to make the firearms that were found in the house the basis for the gun charge.
>
> ...
>
> ... there is no legal or factual basis for the State to proceed on this new, revised theory.
>
> If the Court determines otherwise, it is still a *violation of due process to the defendant in that in the midst of a trial being required to prepare a defense to a theory that was quite opposite and contrary to what the State had represented previously* was going to be the basis of its case.

(Emphasis added.)

Defense counsel later argued against allowing the state to reopen its case to present Officer Duthie's testimony that the pipe in the truck contained a usable amount of marijuana. He argued:

> I oppose, based upon the totality of the theory being the drugs and guns in the car. Midstream we are having to now defend guns and drugs in the house and now we are wanting to go back to guns and drugs in the car.

**268**

I mean, due process, at some point, has got to kick in here and stop this.

¶ 27 Although Petrak's counsel did not use the word "duplicity" in making his objections, he sufficiently preserved the issue for appeal because his comments provided the trial judge with an opportunity to provide a remedy. *See State v. Fulminante,* 193 Ariz. 485, 503 ¶ 64, 975 P.2d 75, 93 (1999). Moreover, because Petrak's counsel raised the objection "promptly upon learning of it," the objection was timely within the meaning of Rule 16 even though it was not raised until the second day of trial.

■■■■ ¶ 28 Petrak asserts that we must reverse his conviction based on the duplicitous indictment; the state argues dismissal is not required because Petrak has suffered no prejudice. When the indictment is merely duplicitous—i.e., when two (or more) offenses are charged in the same count of an indictment—the trial court may cure the error by instructing the jurors that they must unanimously agree regarding which offense was committed or that the defendant committed both (or all) of the offenses. *See Kelly,* 149 Ariz. at 117, 716 P.2d at 1054. Additionally, if the defendant suffers no prejudice from the duplicitous indictment, we need not reverse the conviction. *See State v. Herrera,* 176 Ariz. 9, 15, 859 P.2d 119, 125 (1993); *Kelly,* 149 Ariz. at 117, 716 P.2d at 1054.

¶ 29 We conclude that the indictment was unclear because it did not address the nexus between the guns and the drugs and which guns and drugs at which location formed the basis of the weapons misconduct charge. As a result, the indictment inadequately defined the charge, failed to notify Petrak of what evidence would be presented against him and, therefore, handicapped his defense. Upon remand, the indictment should be amended to conform to the evidence. *See State v. Barber,* 133 Ariz. 572, 577, 653 P.2d 29, 34 (App.1982); Ariz. R.Crim. P. 13.5(b).

## CONCLUSION

¶ 30 We reverse Petrak's conviction for weapons misconduct and remand for a new trial and for further proceedings consistent with this decision.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.