NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

R.W., *Appellant.*

No. 1 CA-CR 15-0680
FILED 2-2-2017

Appeal from the Superior Court in Maricopa County
No.  CR-2012-149XXX-XXX
The Honorable James R. Rummage, Judge *Pro Tempore*
The Honorable Jeffrey Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

J O N E S, Judge:

¶1           R.W. appeals his convictions and sentences for one count of sale of a dangerous drug and two counts of misconduct involving weapons. R.W. argues on appeal that the State offered evidence of three separate sales of methamphetamine at trial to support the single charge of sale of dangerous drugs, resulting in a duplicitous charge that violated his constitutional right to a unanimous jury verdict.  For the following reasons, we affirm his convictions and sentences.

## FACTS[1] AND PROCEDURAL HISTORY

¶2           The indictment charged R.W., in Count 1, with selling methamphetamine, a dangerous drug, on or about September 14, 2012; in Count 2, with possession of a deadly weapon during the commission of the sale of dangerous drugs on or about September 14, 2012; and in Count 3, with possession of a deadly weapon while being a prohibited possessor on or about September 14, 2012.  Before trial, the State successfully moved, without objection, to amend Count 1 to correct the date of the sale to "between the 12th and 14th days of September, 2012."

¶3           On the eve of trial, the State moved to introduce evidence of R.W.'s sale of methamphetamine on September 12 to J.W. and P.H., in support of the charged offense in Count 1.  The State explained that police conducted a traffic stop on a vehicle that had left R.W.'s home on September 12 and found methamphetamine in the possession of J.W. and P.H., which they claimed they had purchased from R.W.  The State further explained that on September 14, R.W. admitted to an officer executing a search warrant on his home that he had sold the methamphetamine to J.W. and P.H. on September 12, and had also just sold methamphetamine to M.A. The State argued that the evidence of the sales to J.W. and P.H. on

---

[1]     We view the facts in the light most favorable to upholding the verdicts.  *State v. Gipson*, 229 Ariz. 484, 485 n.1, ¶ 2 (2012) (quoting *State v. Chappell*, 225 Ariz. 229, 233 n.1, ¶ 2 (2010).

September 12 was not "other act" evidence, but evidence of the charged offense.

¶4        Defense counsel objected to introduction of the September 12 sales, arguing that any testimony that J.W. and P.H. told police that R.W. sold them methamphetamine should be precluded because such testimony would constitute hearsay and would violate his confrontation rights, and those sales constituted "other act" evidence that would be highly inflammatory and prejudice his right to a fair trial.  At oral argument on the first day of trial, defense counsel expressed concern that he did not know how the State intended to present the evidence.  The prosecutor explained that he did not intend to introduce the statements of J.W. and P.H. at trial, because they would not appear as witnesses.  However, a police officer would testify he found J.W. and P.H. in possession of methamphetamine after leaving R.W.'s house on September 12, and R.W. later admitted he had sold the methamphetamine to J.W. and P.H. on that date and to M.A. on September 14.  When asked to clarify his position, defense counsel maintained this other act evidence was unfairly prejudicial.

¶5        The trial court ruled the evidence of the September 12 sales was admissible, finding its probative value substantially outweighed the resulting prejudice.  However, the State could not introduce the statements of any persons not testifying.  The court then asked whether the issue was fully resolved, to which defense counsel did not offer any alternative basis for exclusion of the evidence, and he did not raise the issue again.

¶6        At trial, R.W. testified in his defense.  He denied selling methamphetamine to J.W., P.H., or M.A., explaining that J.W. and P.H. had brought the methamphetamine to his house on September 12, and M.A. had brought the methamphetamine to his house on September 14.  Although he testified he "may have" or "probably" told the investigating detective on September 14 that he had just sold methamphetamine to M.A., he denied telling the detective that he had sold methamphetamine to J.W. and P.H. on September 12.  R.W. agreed on re-direct, however, that he "eventually" admitted to the detective he was "selling drugs" because he wanted to prove to the detective he was a good candidate for serving as a confidential informant, a role in which he had served a year earlier to resolve a separate drug possession charge.

¶7        The State argued in closing that the three separate sales to J.W. and P.H. on September 12 and to M.A. on September 14 demonstrated that R.W. had committed the offense of sale of methamphetamine charged in Count 1.  Defense counsel argued the state had failed to prove by chemical

testing and corroborating evidence that the substance he purportedly sold to J.W., P.H., or M.A. was methamphetamine, and was relying solely on R.W.'s admissions, which were not enough to prove beyond a reasonable doubt that R.W. committed the offenses.

**¶8**       The jury convicted R.W. as charged.  The jury also found R.W. committed the offense of sale of methamphetamine for pecuniary gain.  At sentencing, R.W. admitted to eight prior felony convictions.  The trial court sentenced R.W. to a mitigated term of twelve years' imprisonment for sale of a dangerous drug, and concurrent terms of seven years' imprisonment on each count of misconduct involving weapons.  R.W. timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶9**       R.W. argues his conviction for sale of dangerous drugs should be reversed because the State presented evidence of three sales to support this conviction, rendering the single charge for sale of dangerous drugs duplicitous and depriving him of his constitutional right to a unanimous jury verdict.  *See* Ariz. Const. art. 2, § 23 ("In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict.").

**¶10**       Our standard of review depends upon whether R.W. properly preserved the issue in the trial court.  R.W. contends this Court should review the violation of his right to a unanimous jury verdict as objected-to error, because the court had adequate opportunity to address duplicity when the parties argued the State's motion to admit evidence of the September 12 sales the first day of trial.  We disagree.

**¶11**       R.W. relies on *State v. Petrak*, 198 Ariz. 260 (App. 2000), to support his argument that he adequately presented a duplicity claim to the trial court.  In *Petrak*, the defendant argued that his due process rights had been violated because the State, mid-trial, introduced evidence of guns and drugs in a house to support a weapons misconduct charge that it had previously alleged related only to guns and drugs in a vehicle.  *Id.* at 266-68, ¶¶ 23-27.  The *Petrak* court noted that, although defense counsel had not used the word "duplicity," the record reflected that he clearly argued that the State was violating the defendant's due process rights by requiring him to defend a theory "quite opposite and contrary to what the State had

---

[2]       Absent material changes from the relevant date, we cite a statute's current version.

represented." *Id.* at 267-68, ¶¶ 26-27. Thus, the court concluded defense counsel's comments were sufficient to "provide[] the trial judge with an opportunity to provide a remedy" and preserve the issue for appeal. *Id.* at 268, ¶ 27 (citing *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 64 (1999)).

**¶12** In contrast, here, R.W. was provided notice of the State's intention to amend the indictment and introduce evidence of the September 12 drug sales to support the charge for sale of a dangerous drug, but did not, at any time, suggest admission of these events rendered the indictment infirm or otherwise violated R.W.'s constitutional rights. Rather, defense counsel limited his argument to the prejudicial nature of the events. He did not later raise a claim of duplicity following the close of evidence, within his Rule 20 motions, during the settling of jury instructions, or during closing arguments. On this record, we conclude that R.W. failed to raise a duplicity objection at trial, thereby depriving the trial court of an opportunity to remedy a potential non-unanimous verdict. *See State v. Bolton*, 182 Ariz. 290, 304 (1995) (noting that an objection on one ground does not preserve a claim of error on another ground) (citing *State v. Schaaf*, 169 Ariz. 323, 332 (1991), and *State v. Hernandez*, 170 Ariz. 301, 306-07 (App. 1991)).

**¶13** We do not agree with the State, however, that because R.W. failed to object based on duplicity, he has waived any review of that claim. Count 1 was not duplicitous on its face; rather, the introduction of evidence of the three sales in support of Count 1 made this a duplicitous charge. *See State v. Klokic*, 219 Ariz. 241, 244, ¶ 12 (App. 2008). Where an indictment is not duplicitous on its face and a defendant fails to raise a claim of duplicity in the trial court, we review for fundamental, prejudicial error. *See State v. Payne*, 233 Ariz. 484, 507-08, ¶ 80 (2013) (citing *State v. Dann*, 220 Ariz. 351, 367, ¶ 76 (2009)); *see also State v. Waller*, 235 Ariz. 479, 489, ¶¶ 33-34 (App. 2014). To establish fundamental error, R.W. must show the error goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citing *State v. Hunter*, 142 Ariz. 88, 90 (1984), and *State v. Gendron*, 168 Ariz. 153, 155 (1991)). If R.W. establishes fundamental error, he must further show the error caused him prejudice. *See id.* at ¶ 20 (citing *Gendron*, 168 Ariz. at 155, and *Hunter*, 142 Ariz. at 90).

**¶14** A criminal defendant is entitled to a unanimous jury verdict. Ariz. Const. art. 2, § 23. When the indictment refers to only one criminal act, but the State offers evidence of multiple criminal acts that each satisfy the definition of the charged crime, the circumstance is considered a

duplicitous charge. *See Klokic*, 219 Ariz. at 244, ¶ 12. By offering evidence of three separate sales to support one charge of sale of a dangerous drug, the State created a duplicitous charge. Duplicitous charges are prohibited in part because of the risk of a non-unanimous jury verdict. *Id.* (quoting *State v. Davis*, 206 Ariz. 377, 389, ¶ 54 (2003)). Violation of the right to a unanimous verdict constitutes fundamental error. *Davis*, 206 Ariz. at 390, ¶ 64 (citing *State v. Woods*, 141 Ariz. 446, 456 (1984), *State v. Counterman*, 8 Ariz. App. 526, 531 (1968), and *United States v. Ullah*, 976 F.2d 509, 512 (9th Cir. 1992)).

**¶15** Notwithstanding the fundamental error, a defendant does not suffer prejudice from a duplicitous charge if he presents the same defense to each of the incidents supporting the charge. *See Klokic*, 219 Ariz. at 246-48, ¶¶ 26-27, 31-34 (discussing *Davis*, 206 Ariz. 377, *State v. Schroeder*, 167 Ariz. 47 (App. 1991), *Counterman*, 8 Ariz. App. 526, and *State v. Solano*, 187 Ariz. 512 (App. 1996)); *see also State v. West*, 238 Ariz. 482, 495, ¶¶ 41-42 (App. 2015) (rejecting the defendant's claim of duplicity after finding her "defenses are inextricably intertwined . . . [and] can be distilled to a denial of liability or a claim of actual innocence") (citation omitted). This is such a case.

**¶16** At trial, R.W. denied selling methamphetamine to J.W., P.H., or M.A. He denied admitting to police that he had sold methamphetamine to J.W. and P.H. on September 12. Although he admitted he may have told the investigating detective he had sold drugs to M.A. on September 14, either to prove he could still be a reliable confidential informant or to protect his brother from prosecution, he still provided the same global defense that none of the three alleged sales occurred. In his closing, defense counsel likewise offered a single defense to all three incidents and made no distinction between the sales to J.W., P.H., and M.A. He simply argued the State had offered insufficient evidence of the offense because it relied solely upon R.W.'s admissions, which were not truthful but made to impress the investigating detective. The record reflects R.W.'s defense to all claims was one of actual innocence.

**¶17** Moreover, given the competing version of events, the jury was primarily charged with evaluating the credibility of the witnesses. The jury's verdict indicated it found the investigating detective credible in his testimony that R.W. admitted the three sales and rejected R.W.'s explanation that he had lied about selling drugs to either gain favor with the police or protect his brother. Thus, there is no real possibility of a non-unanimous jury verdict, and R.W. has failed to prove prejudice resulting from the duplicitous charge. *See Schroeder*, 167 Ariz. at 53 (concluding

6

defendant did not suffer prejudice from duplicitous charge where he denied committing the charged acts and the jury "was left with only one issue — who was the more credible of the only two witnesses").

**CONCLUSION**

¶18        R.W.'s convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA