NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DUANE KEITH CONCHOLA, *Appellant*.

No. 1 CA-CR 19-0218

FILED 12-1-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-129534-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1**       Duane Keith Conchola appeals his conviction and sentence for misconduct involving weapons.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**       Police executed a search warrant at a home where Conchola lived with others.  Based on a prior felony conviction, Conchola was prohibited from possessing firearms.  Officers found several guns during the search, one of which, a Ruger nine-millimeter handgun, was on the kitchen table.  Police subsequently interviewed Conchola, and he admitted to handling the Ruger a day or two before the search.  Conchola characterized the Ruger as a "house gun."

**¶3**       The State charged Conchola and two other residents of the home with misconduct involving weapons.  The three defendants were tried together.  The jury found Conchola guilty and specifically determined he possessed the Ruger.  Conchola then moved for a new trial.  The trial court denied the motion.

**¶4**       At sentencing, the court found Conchola had two prior felony convictions and imposed a presumptive ten-year prison term.  Conchola timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]       We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant.  *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**ANALYSIS**

*I.      Sufficiency of Evidence*

¶5          "A person commits misconduct involving weapons by knowingly . . . [p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." A.R.S. § 13-3102(A)(4). Conchola argues no evidence shows he knowingly possessed the Ruger. We disagree.

¶6          We review *de novo* a claim of insufficient evidence. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Sufficient evidence may be direct or circumstantial and "is such proof that reasonable persons could accept as adequate . . . to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Borquez*, 232 Ariz. 484, 487, ¶¶ 9, 11 (App. 2013) (internal quotations omitted). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987). In evaluating the sufficiency of the evidence, we test the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005), and "do not reweigh the evidence to decide if [we] would reach the same conclusions as the trier of fact." *Borquez*, 232 Ariz. at 487, ¶ 9 (alteration in original) (internal quotations omitted).

¶7          "Possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34). The term thus encompasses constructive possession; a person may exercise dominion and control over an item without having physical possession of it. *State v. Petrak*, 198 Ariz. 260, 264, ¶ 11 (App. 2000). Further, constructive possession does not require exclusive possession. *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 365, ¶ 18 (App. 1998).

¶8          The evidence sufficiently established that Conchola constructively possessed the Ruger. Conchola referred to the Ruger as a "house gun," which the case agent described as "a gun that's in the house and available for people to use should they need it, say if someone shows up shooting at their house or just whatever you might need a gun for." The evidence showed Conchola lived at the house where the gun was found. Importantly, Conchola was in fact present when the search was conducted, and the Ruger was found in plain view on the kitchen table. Finally, Conchola admitted to handling the Ruger a day or two before the search.

¶9 Based on the foregoing, the jury could reasonably conclude Conchola knowingly exercised dominion and control over the Ruger on the day of the search. Sufficient evidence supports Conchola's conviction.

II. *Conchola's Mid-Trial Encounter with the Case Agent*

¶10 During a weekend recess after the first day of trial, the case agent was on patrol when he pulled over a vehicle, suspecting the driver was impaired. Conchola was a passenger in that vehicle.

¶11 When the parties reconvened for the trial's second day, Conchola's counsel informed the court of the encounter, describing it as follows:

> And the case agent, according to my client, did make contact with him and did talk to him about this case, had discussions with him about his characterization of the evidence in this matter, saying something to the effect that he and his other codefendants are lucky that there is a prosecutor who made errors or what have you and that the evidence—something to that effect. . . .
>
> I think it's improper. I think the case agent should have known that my client was represented by counsel, so I do think they have a Sixth Amendment problem[.] . . . I don't believe that the case agent wrote a supplement in reference to his contact with my client. . . . So I think at some point we need to have a discussion about what the Court thinks is an appropriate remedy about what has occurred.

¶12 The court expressed its "serious[] concern[]" and confirmed with the prosecutor that the case agent indeed had not supplemented his case report with information regarding the encounter, nor was there a police report from the traffic stop itself. The court then asked the parties whether Conchola made any statements during the encounter that would implicate the Fifth or Sixth Amendment. According to Conchola, he made no statements at all.

¶13 The prosecutor then provided further details regarding the encounter:

> [The case agent] pulled over a car which the defendant was a passenger in. He didn't realize that the defendant was a passenger at the time he pulled the car over. The car was

pulled over because it was very late at night, very dark, and the car was observed making some traffic violations that would be consistent with a possible impaired driver.

The case agent upon seeing the defendant was in an awkward situation because the defendant did have an open bottle of alcohol, which is a crime. The case agent had a couple different options at that point. He could have cited or arrested the defendant for [an] open container, but he did not want to cause complications to the trial. So what he ended up doing is he told the defendant that since he is in trial right now and he just received a favorable ruling on, you know, an evidentiary issue that he shouldn't mess things up further by continuing to commit crimes, even minor crimes like possessing an open container of alcohol. And that was his warning to the defendant.

¶14 Before trial proceeded, the prosecutor informed the court that he would not seek to use any evidence from the encounter at trial. Nonetheless, codefendant's counsel stated he intended to cross-examine the case agent regarding the encounter, arguing that "it goes to motive, and it goes to his credibility." The court disagreed and precluded such questioning.

¶15 Conchola raises two issues pertaining to his out-of-court encounter with the case agent. First, he argues the court fundamentally erred by not *sua sponte* conducting an evidentiary hearing to assess "whether he is a victim of police harassment or was 'singled out' for witness intimidation." Conchola asserts "under-oath testimony" was required for the court to properly determine "what happened" during the encounter. Conchola also argues the trial court erred by proscribing cross-examination of the case agent about the encounter.

¶16 Conchola's arguments fail. The circumstances of the traffic stop simply were not relevant to determine whether Conchola unlawfully possessed a weapon at his home eight months prior. Moreover, Conchola presented no offer of proof as to any relevant evidence that an evidentiary hearing would have revealed.

¶17 Under these circumstances, the trial court did not err, fundamentally or otherwise, by failing *sua sponte* to require an evidentiary hearing, or by precluding cross-examination of the case agent regarding his

out-of-court encounter with Conchola.[2] *See* Ariz. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Ariz. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (noting the first step in fundamental error review is determining whether error occurred).

**¶18**      Furthermore, in light of the prosecutor's avowal that he would not raise the out-of-court encounter during the State's case-in-chief, the superior could reasonably conclude that cross-examining the case agent on that subject would be improper. Conchola does not argue the evidence at trial ultimately rendered the court's preliminary conclusion incorrect. Instead, he argues cross-examining the case agent would have revealed the case agent's "personal bias or hostility" towards Conchola. But, in light of the trial evidence, including Conchola's admissions during the post-search interview, whatever bias or hostility the case agent harbored against Conchola—whether at the time of the search or during the encounter—was irrelevant in determining Conchola's guilt.

### III.      *Motion for a New Trial*

**¶19**      Finally, Conchola contends the trial court reversibly erred by reviewing his motion for a new trial under an improper standard of Arizona Rule of Criminal Procedure ("Rule") 20. *See West*, 226 Ariz. at 562, ¶ 16 ("[T]he relevant question [when considering a Rule 20 motion] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *see also State v. Lee*, 189 Ariz. 608, 615 (1997) (explaining that where evidence points to differing results, it is for the jury to decide and the trial court may not grant a judgment of acquittal). According to Conchola, the court should have weighed the evidence and made credibility determinations to consider whether the guilty verdict reflected "substantial justice." *See State v. Fischer*, 242 Ariz. 44, 50, ¶ 21 (2017) ("The judge may weigh the evidence, make

---

[2]      Conchola contends we review the court's order denying cross-examination of the case agent for an abuse of discretion. In response, the State argues fundamental error is the appropriate standard of review because Conchola failed to join in his codefendant's stated intent to conduct the cross-examination. Because we find no error, we need not resolve this procedural issue.

credibility determinations, and set aside the verdict and grant a [post-verdict Rule 24 motion for a] new trial even if there is sufficient evidence in the record to support the verdict.").

**¶20** We reject Conchola's argument. Pursuant to Rule 24.1(c), the superior court may grant a new trial on the following grounds:

> (1) the verdict is contrary to law or the weight of the evidence;
>
> (2) the State is guilty of misconduct;
>
> (3) one or more jurors committed misconduct[;]
>
> . . .
>
> (4) the court erred in deciding a matter of law . . . ; or
>
> (5) for any other reason, not due to the defendant's own fault, the defendant did not receive a fair and impartial trial or phase of trial.

**¶21** The standard that Conchola claims the trial court failed to properly apply in addressing his new trial motion is the standard a court uses when determining, under Rule 24.1(c)(1), whether "the verdict is contrary to law or the weight of the evidence." *See West*, 226 Ariz. at 563, ¶ 18 ("[I]n ruling on a Rule 20 motion, unlike a motion for a new trial under [Rule] 24.1(c)(1), a trial court may not re-weigh the facts or disregard inferences that might reasonably be drawn from the evidence."). But Conchola did not assert Rule 24.1(c)(1) as the basis for his motion; rather, he argued both that the State was guilty of misconduct based on its opening statement, and the court erred by admitting "other act" evidence under Arizona Rule of Evidence 404. Thus, Conchola's new trial motion was based on Rule 24.1(c)(2) and (4), and the court was not required to review the motion under the standard applicable to Rule 24.1(c)(1) claims. Conchola cites no authority to the contrary, nor does he argue that the court's denial of the new trial motion was otherwise reversible error. The trial court did not abuse its discretion. *See State v. Waller*, 235 Ariz. 479, 486, ¶ 22 (App. 2014) (a trial court's denial of a motion for a new trial is reviewed for an abuse of discretion).

## CONCLUSION

¶22      We affirm Conchola's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA