NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ELIAS OSORIO CRUZ, *Appellant*.

No. 1 CA-CR 23-0447

FILED 11-12-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-102465-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

¶1        Elias Cruz appeals his seven convictions and sentences for sexual conduct with a minor, one conviction for molestation of a child, and one conviction for public sexual indecency to a minor. Because we find no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Between 2019 and 2021, Cruz lived with his cousin Kelly (a pseudonym) and her parents. In January 2021, when Kelly was fourteen years old, she told her adult sister that Cruz had raped her. While living with Kelly and her parents, Cruz repeatedly removed Kelly's clothes, touched her inappropriately, and performed sex acts on her. After learning this, Kelly's sister told their mother, took Kelly to her home, and contacted the police. Kelly spoke to officers at her sister's house and a forensic interviewer at the Family Advocacy Center. Then, a forensic nurse examined Kelly and completed both a sexual assault examination report and a sexual assault kit.

¶3        At trial, the State moved to admit this report, but the court at first sustained an unspecified objection from defense counsel. The State then requested that the nurse be able to refer to the report to refresh her memory, which the court allowed. Outside the presence of the jury, defense counsel reraised the objection, clarifying it was for hearsay, and the court allowed the nurse to testify about statements Kelly made during the exam but did not allow admission of the full report. Ultimately, a jury convicted Cruz of seven counts of sexual conduct with a minor, one count of molestation of a child, and one count of public sexual indecency to a minor.

¶4        Cruz timely appealed. This Court has jurisdiction under Arizona Constitution article VI, Section 9, and Arizona Revised Statutes §§ 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

**¶5** Cruz argues the trial court erred in allowing the State to read the medical report into the record**.** He claims that the report was hearsay because it was "not for medical purposes, but rather evidence gathering." We review the court's ruling on the admissibility of evidence for abuse of discretion. *State v. Tucker*, 205 Ariz. 157, 165 ¶ 41 (2003).

**¶6** Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible as hearsay. *See* Ariz. R. Evid. 801, 802. An exception to the rule against hearsay, however, permits the admission of statements "made for—and [] reasonably pertinent to— medical diagnosis or treatment" and describing medical history, symptoms, their inception or cause. Ariz. R. Evid. 803(4). A statement satisfies this exception if (1) the declarant's apparent motivation for the statement was consistent with receiving medical care, and (2) a physician would reasonably rely on the information in diagnosis or treatment. *State v. Robinson*, 153 Ariz. 191, 199 (1987). A statement need not be made to a physician to be admissible. *State v. Rushton*, 172 Ariz. 454, 457 (App. 1992).

**¶7** Kelly's statements were consistent with receiving medical care. She made several statements to the nurse about her pain, including complaints of "leg cramps and stomachaches" and feeling "something kicking, like moving in me." Kelly also said she felt pain "right after" Cruz sexually assaulted her. The nurse asked a series of questions about potential injuries that led her to note an injury to Kelly's hymen. Finally, the nurse testified that "when [she is] getting an assault history, [she is] getting it for purposes of [her] medical examination." Thus, the first prong is satisfied.

**¶8** The second prong is satisfied as well. Following her conversation with Kelly about the assaults, the nurse ordered a pregnancy test, which revealed that Kelly was pregnant. The nurse did not take Kelly's statement to gather evidence against Cruz, but to determine the next reasonable step in treating her. Thus, the nurse reasonably relied on Kelly's statements for further diagnosis and treatment.

**¶9** Although the nurse also engaged in some evidence collection, "statements relevant to diagnosis or treatment can be admissible even when the recipient of the statements engages in the dual purposes of medical examination and evidence collection." *State v. Lopez*, 217 Ariz. 433, 437 ¶ 15 (App. 2008). Kelly made her statements for medical treatment. Thus, the court did not abuse its discretion.

¶10        Cruz also argues that Kelly's statements were inadmissible because the nurse altered them when she documented them in the report. He suggests that because Kelly's testimony at trial used different words than her statements to the nurse, the statements to the nurse must have been altered. This is not an issue of admissibility, but of credibility. A witness' credibility "goes to the weight of the statements, not their admissibility," *State v. Whitney*, 159 Ariz. 476, 484 (1989), and issues of credibility fall to the jury, *State v. LaGrand*, 153 Ariz. 21, 28 (1987).

¶11        Regardless, the evidence does not support this argument. The nurse testified that when Kelly made a statement, she would copy it verbatim in quotation marks. The State then repeatedly confirmed that the statements read from the report were in quotes or verbatim. At trial, Kelly also testified that she was "a little nervous" and using different words because she was embarrassed. Because the statements fulfill the requirements of the medical treatment exception and because any question regarding the reliability of those statements was for the jury to determine, the testimony was admissible. The trial court committed no error.

## CONCLUSION

¶12        Finding no error, we affirm.

