IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JAN 31 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2006-0024 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| RAFAEL REAL, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20043794

Honorable Howard Hantman, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Joseph T. Maziarz                    Phoenix
                                          Attorneys for Appellee

Robert J. Hooker, Pima County Public Defender
  By John F. Palumbo                                          Tucson
                                          Attorneys for Appellant

H O W A R D, Presiding Judge.

**¶1** After a jury trial, appellant Rafael Real was convicted of four violations of A.R.S. § 28-1383, aggravated driving under the influence of an intoxicant (DUI). The trial court sentenced him to concurrent, presumptive terms of 2.5 years in prison for each conviction. On appeal, Real argues the trial court violated his Sixth Amendment right to confrontation. Finding no error, we affirm.

**¶2** We view the evidence in the light most favorable to sustaining the convictions. *See State v. Newnom*, 208 Ariz. 507, ¶ 2, 95 P.3d 950, 950 (App. 2004). In November 2003, Pima County Sheriff's Deputy Martinez stopped a vehicle driven by Real for speeding. Real admitted not having a valid driver's license and exhibited symptoms of intoxication. Deputy Phaneuf, who had responded to Martinez's request for a DUI expert, administered field sobriety tests, which Real had trouble performing. Phaneuf then arrested and questioned Real, who made inculpatory statements. A blood test performed by a third deputy, Copfer, showed Real's alcohol concentration (AC) was .190 approximately one-half hour after the stop.

**¶3** Before trial, Real sought to preclude Phaneuf from testifying, in part on Sixth Amendment grounds, because Phaneuf had no memory of investigating or arresting Real. The trial court ruled Phaneuf could testify. At trial, Phaneuf testified that he had no independent recollection of investigating and arresting Real and then read from his police report in response to questioning.

2

**¶4** Real argues the trial court violated the Sixth Amendment's Confrontation Clause, as interpreted in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), by permitting Phaneuf to read from his police report at trial when Phaneuf testified he had no memory of the events surrounding Real's arrest.[1] Although we review the trial court's decision to admit evidence for an abuse of discretion, *see State v. Hampton*, 213 Ariz. 167, ¶ 45, 140 P.3d 950, 961 (2006), we review its decision on the Confrontation Clause de novo, *see State v. Ruggiero*, 211 Ariz. 262, ¶ 15, 120 P.3d 690, 693 (App. 2005).

**¶5** The Sixth Amendment to the United States Constitution protects a defendant's "right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford*, the Supreme Court held that the Confrontation Clause prohibits the use of testimonial out-of-court statements if the declarant does not testify at trial, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. at 68, 124 S. Ct. at 1374. But the Court stated in dicta that, where the declarant is subject to cross-examination at trial, "the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."[2] *Id.* at 59 n.9, 124 S. Ct.

---

[1] Real does not contest the admissibility of Phaneuf's testimony under the recorded recollection hearsay exception. *See* Ariz. R. Evid. 803(5), 17A A.R.S.; *Goy v. Jones*, 205 Ariz. 421, ¶¶ 10-12, 72 P.3d 351, 353-54 (App. 2003) (police officer may read from police report at trial if foundational requirements for recorded recollection are satisfied).

[2] The state does not contest Real's assertion that Phaneuf's statements were "testimonial." *See Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374 (Confrontation Clause protection applies to testimonial evidence).

at 1369 n.9; *see also State v. Roque*, 213 Ariz. 193, ¶ 115, 141 P.3d 368, 396-97 (2006) (where "victims made their statements in court and stood subject to cross-examination, no confrontation issues arose").

¶6 That comment by the Supreme Court, although dicta, is consistent with its prior decisions. In *United States v. Owens*, 484 U.S. 554, 108 S. Ct. 838 (1988), the Court addressed the issue of whether a witness's lack of memory regarding the basis of a prior statement posed a Confrontation Clause problem when the witness testified at trial and was subject to cross-examination. *See id.* at 555-56, 108 S. Ct. at 840. The declarant in *Owens* was a corrections officer who experienced memory loss as a result of an attack by the defendant. *Id.* at 556, 108 S. Ct. at 840-41. At trial, the officer stated he could not remember seeing the defendant attack him, but testified that he could remember identifying the defendant in an interview after the attack. *Id.* The officer also had difficulty remembering his hospitalization after the attack. *Id.* The Court held that there was no Confrontation Clause violation because the defendant had the opportunity to, and did, cross-examine the officer. *Id.* at 559-60, 108 S. Ct. at 842-43; *see also Delaware v. Fensterer*, 474 U.S. 15, 22, 106 S. Ct. 292, 295 (1985) ("Confrontation Clause is generally satisfied" by opportunity to cross-examine).

¶7 Here, similarly, Phaneuf testified that he did not remember the events surrounding Real's arrest. He stated that he had prepared a "worksheet" in the minutes following the incident and that a transcribed report was prepared within a few hours. He

then read from the report in response to questioning. Real cross-examined Phaneuf, availing himself of the tools of cross-examination discussed in *Owens*. *See Owens*, 484 U.S. at 559, 108 S. Ct. at 842 ("It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory."). Under *Owens*, this procedure presents no Confrontation Clause problem.

¶8 Real nonetheless argues that "it is unclear from *Crawford* whether the [Supreme] Court intended to leave in place all of its prior case law concerning unavailability under the Confrontation Clause." He emphasizes the Court's statement in *Crawford* that "[t]he [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to *defend or explain it*," 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9 (emphasis added), and contends that a declarant who lacks memory of prior events cannot "defend or explain" his statement. But the Court in *Crawford* did not expressly overrule *Owens* or other cases suggesting that there is no Confrontation Clause violation when the court admits prior statements the witness does not remember making, if the witness testifies. *See, e.g., California v. Green*, 399 U.S. 149, 161, 90 S. Ct. 1930, 1936 (1970) ("none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial"); *Fensterer*, 474 U.S. at 21-22, 106 S. Ct. at 295 (no Confrontation Clause violation where expert testified to opinion but could not recall basis of the opinion). In fact, the *Crawford* Court cited *Green* in dicta,

5

and "reiterate[d] that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9.

¶9 "We cannot ignore a Supreme Court decision interpreting federal law unless the Court expressly overrules or casts cognizable doubt on that decision." *State v. Ring*, 204 Ariz. 534, ¶ 61, 65 P.3d 915, 938 (2003). And, as Real concedes, courts in other jurisdictions that have addressed the issue have concluded *Crawford* did not affect the continuing validity of *Owens*. *See, e.g., People v. Sharp*, 825 N.E.2d 706, 711 (Ill. App. 2005) (Supreme Court in *Crawford* "neither overruled nor called into question" *Fensterer* or *Owens*); *State v. Pierre*, 890 A.2d 474, 500 (Conn.), *cert. denied*, ___ U.S. ___, 126 S. Ct. 2873 (2006) (same); *see also State v. Tate*, 682 N.W.2d 169, 176 n.1 (Minn. App. 2004) (where declarant subject to cross-examination at trial, *Crawford* does not apply); *State v. Carothers*, 692 N.W.2d 544, 549 (S.D. 2005) (same). Accordingly, we reject Real's assertion that, by stating in a footnote that a declarant must be able to "defend or explain" his prior statement, the *Crawford* Court intended to overrule or cast doubt on *Owens*.[3]

¶10 Real next contends this case is factually distinguishable from *Owens* because in *Owens* the witness lacked memory only as to the prior identification, whereas here, Phaneuf testified to a complete lack of memory of the events surrounding Real's arrest. But

---

[3]Justice Scalia wrote for the Court in both *Owens* and *Crawford*.

the Supreme Court did not suggest in *Owens* that the declarant's retention of some memory of the attack was crucial. Instead, it explained that the opportunity for cross-examination is all the Confrontation Clause protects. *Owens*, 484 U.S. at 559, 108 S. Ct. at 842; *see also State v. Carreon*, 210 Ariz. 54, ¶ 36, 107 P.3d 900, 909 (2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 122 (2005) ("[T]he 'main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.'"), *quoting Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 1110 (1974). The Confrontation Clause does not guarantee that the resulting cross-examination will be effective. *Owens*, 484 U.S. at 559, 108 S. Ct. at 842. Here, Real had the opportunity to cross-examine Phaneuf, and he did so. Thus, the trial court afforded him the only right the Confrontation Clause provides.

**¶11** Real further contends Phaneuf was "unavailable" as a witness under *Crawford*, citing Rule 804(a)(3), Ariz. R. Evid., 17A A.R.S. (a declarant who "testifies to a lack of memory of the subject matter of the declarant's statement" is "unavailable as a witness"). But the Supreme Court has separated the states' hearsay rules and analysis from the constitutional Confrontation Clause analysis. *See Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374. And even if Phaneuf was unavailable as a witness under Rule 804(a)(3), an issue Real did not raise below or here, he testified at trial and was subject to cross-examination. *See id.* at 59 n.9, 124 S. Ct. at 1369 n.9 (no Confrontation Clause problem "when the declarant appears for cross-examination at trial"). If Real were correct that the evidentiary definition of unavailability also governed the determination of whether a witness appeared for cross-

7

examination, surely there would have been a Confrontation Clause problem in *Owens*, where the declarant testified to a lack of memory. *Owens*, 484 U.S. at 556, 108 S. Ct. at 841; Fed. R. Evid. 804(a)(3) (declarant who testifies to lack of memory unavailable). Consequently, Phaneuf's unavailability as defined by the rules of evidence is irrelevant.

¶12 Real cites *State v. Williams*, 889 So. 2d 1093 (La. App. 2004), in support of his position that Phaneuf was unavailable for cross-examination under *Crawford*. But in *Williams*, the codefendant/witness testified at trial, although steadfastly refusing to answer any questions regarding his prior statement implicating Williams. *Id.* at 1099-1100. In fact, he denied making any statement. *Id.* at 1101. The court determined the admission of the prior statement violated *Crawford*. *Id.* at 1102. Here, in contrast, Phaneuf testified and was subject to unrestricted cross-examination but could not remember the events independently. Therefore, the case is distinguishable from *Williams* and we need not determine whether we would agree with the *Williams* court if the same situation were presented.[4]

¶13 Finally, Real contends that permitting officers to read from their police reports when they do not recall the events surrounding preparation of the report will encourage police officers to testify to a lack of memory and "will lead to prosecution by police report, which is precisely what *Crawford* and the Confrontation Clause are intended to prevent."

---

[4]Real also cites *United States v. Gardinier*, 63 M.J. 531 (A. Ct. Crim. App. 2006), in support of his argument. But that case involved the admission of videotaped testimony of a child victim who did not appear at trial, *id.* at 536-37, and accordingly does not help Real.

We disagree. As *Crawford*'s extensive historical analysis makes clear, the protection the Confrontation Clause provides is the opportunity to cross-examine the declarant. *See Crawford*, 541 U.S. at 42-50, 124 S. Ct. at 1359-63. Real had that opportunity here. Furthermore, we perceive little advantage to a police officer falsely claiming that he has no recollection of the events surrounding an arrest, rather than simply refreshing his recollection from his report. Accordingly, we reject Real's public policy argument.

¶14      For the foregoing reasons, Real's convictions and sentences are affirmed.

_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
GARYE L. VÁSQUEZ, Judge