IN THE COURT OF APPEALS



FILED BY CLERK

JAN 22 2008

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,              )
                                   )      2 CA-CR 2006-0036
                 Appellee,         )      DEPARTMENT A
                                   )
        v.                         )      O P I N I O N
                                   )
DANIEL AARON LOPEZ,                )
                                   )
                 Appellant.        )
                                   )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR-20051252 and CR-20052157 (Consolidated)

Honorable Kenneth Lee, Judge

AFFIRMED IN PART;
REMANDED IN PART

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Jessica L. Quickle                          Phoenix
                                                           Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By Kristine Maish                                                  Tucson
                                                          Attorneys for Appellant

H O W A R D, Presiding Judge.


¶1          After a jury trial, appellant Daniel Lopez was convicted of numerous offenses

arising out of a series of attacks on women in Tucson in 2004 and 2005.  The trial court

sentenced him to a combination of concurrent and consecutive prison terms totaling 119.5 years. In this opinion, we address Lopez's argument that the court abused its discretion by admitting hearsay statements of one of the victims, Desiree. In a separate, contemporaneously filed memorandum decision, we address other issues that do not meet the criteria for publication. *See* Ariz. R. Sup. Ct. 111(b), (h); Ariz. R. Crim. P. 31.26. For the reasons stated in our memorandum decision, we reduce one aggravated assault conviction to simple assault and remand for resentencing on that conviction only. We otherwise affirm the convictions and sentences.

¶2 After she was sexually assaulted, Desiree was transported to a hospital and examined by a registered nurse, Toni Y. Toni testified that she is also certified as an inpatient obstetrics nurse, a forensic nurse, and a sexual assault nurse examiner. She testified that "looking for injury is the main purpose" of the sexual assault examination and collecting evidence for police is another purpose. She also testified that, during the examination, she asks the person what happened during the assault to determine "where to look for injury."

¶3 In response to the state's question regarding "the history of the assault," Toni read Desiree's graphic description of the attacker's physical contact with her, including penetration, and the physical effect of the contact on Desiree. Then, Toni read the questions she had asked and Desiree's responses, which again detailed the attacker's physical contact with Desiree and its effect.

¶4 Lopez argues the trial court erred by admitting Desiree's statements into evidence because they were inadmissible hearsay. But, in order to preserve a challenge to

2

the admission of evidence, a party must make "a timely objection or motion to strike . . . , stating the specific ground of objection, if the specific ground was not apparent from the context." Ariz. R. Evid. 103(a)(1). This gives the court an opportunity to correct any error and allows opposing counsel a chance to "'obviate the objection.'" *State v. Rutledge*, 205 Ariz. 7, ¶ 30, 66 P.3d 50, 56 (2003), *quoting State v. Hoffman*, 78 Ariz. 319, 325, 279 P.2d 898, 901 (1955). Thus, a general objection is insufficient to preserve an issue for appeal. *See State v. Walker*, 181 Ariz. 475, 481, 891 P.2d 942, 948 (App. 1995). And an objection on one ground does not preserve the issue on another ground. *State v. Hamilton*, 177 Ariz. 403, 408, 868 P.2d 986, 991 (App. 1993). When a party fails to object properly, we review solely for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005); *Walker*, 181 Ariz. at 481, 891 P.2d at 948.

**¶5**        When the state asked Toni to read Desiree's statements regarding the history of the assault, Lopez objected "to the history." He did not state the grounds for this objection, nor were they apparent from the context. The trial court overruled the objection. The state then elicited the statements Lopez now challenges. Lopez did not object again until redirect examination, when the state asked Toni her opinion whether Desiree's injuries were consistent with anal penetration. In discussions that followed, Lopez stated that the history had been hearsay. But Lopez did not renew his previous objection and ask that the testimony be stricken. And the transcript shows that the court and the parties understood that Lopez was, at that point, objecting to the state's attempt to elicit Toni's opinion about the injuries. As the court stated twice, the basis for this objection was lack of foundation. Lopez also stated that he objected based on lack of foundation. The court sustained the

3

objection and struck Toni's answer that, in her opinion, Desiree's injuries were consistent with anal penetration.[1]

**¶6**		Because the attention of the court and the parties was on foundation for Toni's opinion, not hearsay, the court had no opportunity to correct any error in admitting the statements and the state did not have the opportunity to discuss any hearsay issue. *See Rutledge*, 205 Ariz. 7, ¶ 30, 66 P.3d at 56; *cf. State v. Petrak*, 198 Ariz. 260, ¶ 27, 8 P.3d 1174, 1182 (App. 2000) (issue properly preserved where counsel's "comments provided the trial judge with an opportunity to provide a remedy"). And the objection to foundation could not have preserved the hearsay issue. *See Hamilton*, 177 Ariz. at 408, 868 P.2d at 991. Accordingly, we conclude Lopez failed to preserve this issue and consequently forfeited review of the issue, absent fundamental error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607.

**¶7**		Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id., quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* ¶ 20. Thus, to show fundamental error, Lopez must first show error. *See id.* ¶ 23.

---

[1]The state contends the court sustained Lopez's hearsay objection and struck the testimony Lopez now challenges. The state misreads the record. The only testimony stricken was Toni's opinion regarding whether Desiree's injuries were consistent with anal penetration.

**¶8** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ariz. R. Evid. 801(c). Hearsay is generally inadmissible, but there are several exceptions. *See* Ariz. R. Evid. 802, 803, 804. One exception applies to "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Ariz. R. Evid. 803(4). The rationale behind this exception is that "practitioners will seek and patients will give reliable information to further necessary treatment." *State v. Rushton*, 172 Ariz. 454, 457, 837 P.2d 1189, 1192 (App. 1992). Courts apply a two-part test in determining admissibility under this exception: (1) whether "the declarant's apparent 'motive . . . [was] consistent with receiving medical care'"; and (2) whether it was "'reasonable for the physician to rely on the information in diagnosis or treatment.'" *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987), *quoting State v. Jeffers*, 135 Ariz. 404, 420-21, 661 P.2d 1105, 1121-22 (1983). The statement need not be made to a physician. *See Rushton*, 172 Ariz. at 457, 837 P.2d at 1192.

**¶9** Although we are unaware of any Arizona case specifically addressing whether statements made to a nurse performing a sexual assault examination are admissible under Rule 803(4), courts in other jurisdictions have held the statements admissible when they are relevant to diagnosis or treatment. In *Torres v. State*, 807 S.W.2d 884, 886-87 (Tex. App. 1991), the victim made statements to an emergency room nurse who "engaged in a dual role of collecting evidence and providing medical service." The Texas Court of Appeals upheld

5

the admission of the statements through the nurse's testimony, noting that the nurse had "checked the victim for bruises, collected bodily fluids, examined the vaginal canal, and asked various questions related to the victim's medical condition." *Id.* at 887.

¶10 Similarly, in *State v. Janda*, 397 N.W.2d 59, 62 (N.D. 1986), the victim was brought to a hospital after being sexually assaulted. She related the circumstances of the assault to the nurse on duty. *Id.* The North Dakota Supreme Court noted that "[t]he purpose of an examination of the kind involved here is not just the preservation of evidence, but diagnosis and treatment as well." *Id.* at 63. The court also recognized that "health care providers examining one claiming to be the victim of a sexual assault must [also] diagnose whether or not the alleged victim has suffered psychological trauma and, if so, its nature and extent, and treat that as well." *Id.* It thus held that, at least to the extent the statements do not identify the attacker, they are admissible. *Id.; see also Opio v. State*, 642 S.E.2d 906, 911 (Ga. Ct. App. 2007) (sexual assault victim's statements to nurse who treated her after assault admissible as statements made for medical diagnosis or treatment); *Miles v. State*, 777 N.E.2d 767, 771 (Ind. Ct. App. 2002) (victim's statements to "sexual assault nurse" admissible as statements for purpose of medical diagnosis or treatment); *People v. Matuszak*, 687 N.W.2d 342, 349-50 (Mich. Ct. App. 2004) (sexual assault victim's statements to emergency room nurse about circumstances of attack admissible as statements for purpose of medical diagnosis or treatment).

¶11 In those cases in which courts have found statements made under similar circumstances inadmissible, the decision was not based on the fact that the nurse was performing a sexual assault examination. Instead, the courts based their decisions on the

6

nature of the statements. Thus, in *State v. Williams*, 920 S.W.2d 247, 255-56 (Tenn. Crim. App. 1995), the court held that statements of a rape victim to a nurse practitioner at a hospital were admissible if they were relevant to diagnosis or treatment. But the court also held that statements recounting events before the rape had occurred and describing the assailant were inadmissible. *Id.* at 256-57; *see also Robinson*, 153 Ariz. at 200, 735 P.2d at 810 (statements identifying or attributing fault to assailant generally inadmissible unless relevant to diagnosis or treatment). Similarly, in *State v. Burroughs*, 492 S.E.2d 408, 414 (S.C. Ct. App. 1997), the court held inadmissible a rape victim's statement to a nurse that the assailant had asked the victim for a hug before the attack. But the court also stated that, "[c]ertainly, a statement that the victim had been raped or that the assailant had hurt the victim in a particular area would be pertinent to the diagnosis and treatment of the victim." *Id.* As these authorities demonstrate, the focus is on the statement, not its recipient.

¶12 Applying the two-part test for admissibility, *see Robinson*, 153 Ariz. at 199, 735 P.2d at 809, we conclude admission of Desiree's statements, with one possible harmless exception,[2] was not error. First, Desiree's apparent motive in making the statements was consistent with receiving medical care. As Toni's testimony demonstrated, Desiree was injured during the attack. She was thereafter transported to a hospital where Toni was the

---

[2]Desiree's statement to Toni that Lopez had "pulled her shirt over her head so she was unable to see the attacker . . . [a]nd told her not to look at him" arguably was not relevant to diagnosis or treatment. But Desiree testified on direct examination that Lopez had pulled her shirt over her head so she could not see him. Thus, Toni's testimony was cumulative and any error was harmless. *See State v. Dickens*, 187 Ariz. 1, 19, 926 P.2d 468, 486 (1996) (erroneous admission of hearsay harmless where "cumulative to much other evidence"). Accordingly, Lopez cannot demonstrate that any error prejudiced him. *See Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607.

first medical professional to attend to her. In addition to asking Desiree questions, she physically examined her. Desiree received medication for infection or sexually transmitted disease, as well as birth control medication. Under the circumstances, Desiree's apparent motive was consistent with receiving medical care.

¶13 Second, it was reasonable for a physician to rely on the information in diagnosis or treatment. Toni testified that victims of sexual assault are often injured during the attack, as Desiree was here, and that it was important to get an accurate history of what happened in order to know where to look for injury. *See Robinson*, 153 Ariz. at 199, 735 P.2d at 809 (doctor testified that cause of injury was "critical to effective diagnosis and treatment"); *State v. Jones*, 188 Ariz. 534, 541, 937 P.2d 1182, 1189 (App. 1996) (child sexual assault victim's statement about circumstances of assaults admissible under Rule 803(4)). And Toni discovered injury in examining Desiree after she provided the history.

¶14 Lopez nevertheless contends that Desiree's statements lack the indicia of reliability that form the basis for Rule 803(4) because they were answers to questions included in a sexual assault kit provided by the Tucson Police Department. But the record amply demonstrates that the questions were not asked solely for the purpose of collecting evidence. As discussed above, the trial court could reasonably have concluded that the primary objective of the examination was to check for injury. The examination occurred in a hospital setting. Toni physically examined Desiree after asking her questions about the assault, and Desiree received medication for infection or sexually transmitted disease, as well as birth control. Under the circumstances, Desiree would have been motivated to "give reliable information to further necessary treatment." *Rushton*, 172 Ariz. at 457, 837 P.2d

8

at 1192. And the mere fact that the questions Toni asked might be asked routinely in sexual assault cases does not necessarily determine the admissibility of the answers under Rule 803(4). *See Jones*, 188 Ariz. at 541, 937 P.2d at 1189 (noting doctor's questions to child victim "were routine in sex abuse cases").

¶15 Lopez also argues that Toni's use of a fluorescent light during the examination served no medical purpose. But the focus of the test for admissibility is on the statements Desiree made. The use of the fluorescent light is unrelated to Desiree's statements. Additionally, as we have already explained, statements relevant to diagnosis or treatment can be admissible even when the recipient of the statements engages in the dual purposes of medical examination and evidence collection.

¶16 Citing *State v. Thompson*, 169 Ariz. 471, 820 P.2d 335 (App. 1991), Lopez next complains that the report Toni made was not forwarded to a physician. In *Thompson*, a social worker had interviewed a child victim on videotape. *Id.* at 475, 820 P.2d at 339. In holding the tape inadmissible under Rule 803(4), this court noted that neither the child's physician nor counselor had relied on the tape in treating the child. *Id.* at 475-76, 820 P.2d at 339-40. But we only emphasized those points after stating that the interview was not relevant to treatment by the social worker herself. *Id.* at 475, 820 P.2d at 339. Thus, the problem in *Thompson* was that the statements were not relevant to diagnosis or treatment by any of the parties involved in treating the child. Here, even assuming no physician was

9

involved in treating Desiree,[3] *Thompson* still does not help Lopez because Toni took Desiree's statement and provided treatment.

¶17 In his reply brief, Lopez cites *United States v. Gardinier*, 65 M.J. 60 (C.A.A.F. 2007), and *State v. Gordon*, 815 A.2d 392 (N.H. 2002), in support of his argument.[4] In *Gardinier*, the issue was not whether the statements were admissible under the hearsay rules, but whether they were testimonial for purposes of Confrontation Clause analysis. 65 M.J. at 65. The court concluded the statements were testimonial because the nurse who examined the child victim was working "at the behest of law enforcement with the forensic needs of law enforcement and prosecution in mind." *Id.* at 66. But Confrontation Clause and hearsay analyses are separate. *See State v. Real*, 214 Ariz. 232, ¶ 11, 150 P.3d 805, 808 (App. 2007); *see also State v. Romero*, 133 P.3d 842, 859 (N.M. Ct. App. 2006) (statement falling within hearsay exception "may still be testimonial"), *aff'd*, 156 P.3d 694 (N.M. 2007). Here there was no Confrontation Clause issue because Desiree testified at trial and was subject to cross-examination. *See Real*, 214 Ariz. 232, ¶ 5, 150

---

[3]The record is silent as to whether a physician was involved in Desiree's examination. But a nurse who examined Kiri, another victim in this case, testified that, although no physician is present at a sexual assault examination, she consults a physician after conducting the examination. She also testified that she and the physician "talk about what kinds of medications [the physician] wants to order for the patient" and noted that only physicians may prescribe medication. Desiree testified that she had received medication after her examination. Thus, Lopez's suggestion that no physician had been involved in Desiree's examination appears incorrect.

[4]Generally, issues raised for the first time in a reply brief are waived. *State v. Ruggiero*, 211 Ariz. 262, n.2, 120 P.3d 690, 695 n.2 (App. 2005); *see also Muchesko v. Muchesko*, 191 Ariz. 265, 268, 955 P.2d 21, 24 (App. 1997) (noting cases from other jurisdictions would not be considered when cited for first time in reply brief). In our discretion, however, we address Lopez's arguments based on these cases.

P.3d at 807. Nor is *Gardinier* helpful by analogy. As the authorities from other jurisdictions demonstrate, statements can be admissible under Rule 803(4) even when one of the purposes of the examination is evidence collection. *See Janda*, 397 N.W.2d at 62-63; *Torres*, 807 S.W.2d at 886-87. Thus, *Gardinier* does not assist Lopez.

¶18 In *Gordon*, the doctor who examined the victim testified that his examinations occurred in two phases, the first phase having medical purposes and the second phase having evidence-gathering purposes. 815 A.2d at 402. Here, Toni testified that the purpose of the examination primarily had been treatment of injury, but that it also had served an evidence-gathering purpose. And, as discussed above, the questions and answers about which Toni testified were related to the source of Desiree's injuries. Additionally, the defendant's argument in *Gordon* was that the victim's statements were not inherently reliable because she did not wish to be treated. *Id.* Here, on the other hand, Toni testified that her primary purpose in conducting the examination was treating injury, and there is no indication that Desiree was uncooperative. Therefore, *Gordon* is inapposite.[5]

¶19 We conclude Desiree's statements that were relevant to diagnosis or treatment were admissible. Lopez therefore has failed to establish error, much less fundamental error, in the admission of those statements. And although one statement arguably was not relevant to diagnosis or treatment, any error in its admission was harmless. Thus, Lopez cannot

---

[5]Lopez also attempts to raise several other issues that he did not raise below regarding the admission of Desiree's statements. Because he does not argue these issues adequately, they are waived. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi); *State v. Burdick*, 211 Ariz. 583, n.4, 125 P.3d 1039, 1042 n.4 (App. 2005).

sustain his burden of establishing he was prejudiced by the admission of the statement. *See* *Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607.

**¶20**      For the reasons stated in our separate memorandum decision, we modify one of the aggravated assault convictions to simple assault and remand for resentencing on that count only.  We otherwise affirm Lopez's convictions and sentences.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
J. WILLIAM BRAMMER, JR., Judge