NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

COSME CASTILLO-CERVANTES,
*Appellant*.

No. 1 CA-CR 19-0460
FILED 12-22-2020

Appeal from the Superior Court in Maricopa County
No.  CR2017-136493-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

**W E I N Z W E I G**, Judge:

¶1   Defendant Cosme Castillo-Cervantes appeals his felony convictions and sentences for sexual conduct with a minor and kidnapping. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2   Defendant sexually assaulted his niece in 2013 or 2014 when she was twelve or thirteen years old. About four years later, she told her brother what happened after observing Defendant's growing interest in their youngest sister. The siblings told their mother who took the victim to a medical clinic. The clinic told law enforcement. Police investigated.

¶3   Defendant was interviewed by Detective Barrios. He admitted forcing himself on the victim, describing his sexual misconduct and saying he felt "really bad" about it. A grand jury indicted Defendant on one count of sexual conduct with a minor under fifteen years old and one count of kidnapping a minor under fifteen years old, class 2 felonies and dangerous crimes against children. *See* A.R.S. §§ 13-705(Q)(1)(e), (i); -1304(A)(3), (B); -1405. Defendant pled not guilty.

¶4   Defendant argued at trial that Detective Barrios coerced his confession. The State called Detective Godbehere, the case agent and member of the Children's Crimes Unit, who acknowledged that law enforcement has trouble investigating child sex crimes because "we do not have evidence to show that a crime occurred or probable cause, [and] the case is closed." After defense counsel's unsuccessful relevance objection, the prosecutor continued:

> Q. How many - - ballpark or percentage of 100 cases, how many would be closed and not forwarded to the county attorney?
>
> A. I would say about 90 percent.

Q.      Okay. So ten percent are forwarded to the county attorney's. And of the cases that are sent to the county attorney, what percentage of those cases are actually filed, charges are filed?

A.      I would guess maybe . . . 50 percent of the ten percent.

¶5      Defendant was convicted on both counts after a five-day jury trial. The superior court imposed consecutive sentences totaling 23 years, the mandatory minimum. *See* A.R.S. §§ 13-705(C), (D), (M), (O), 13-1304(B), 13-1405(B). Defendant timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

**DISCUSSION**

¶6      Defendant contends the superior court erroneously admitted the trial testimony of Detective Godbehere about the percentage of sex crime investigations closed short of an indictment. We review evidentiary rulings for an abuse of discretion, but review de novo questions of law related to the admissibility of evidence. *State v. Leteve*, 237 Ariz. 516, 524, ¶ 18 (2015).

¶7      Defendant reasserts his relevance objection. But even assuming the evidence was irrelevant, its admission was harmless error because "the guilty verdict actually rendered in this trial was surely unattributable to the error." *State v. Bible*, 175 Ariz. 549, 588 (1993) (emphasis omitted) (citation omitted). Again, Defendant confessed to Detective Barrios.

¶8      Defendant asserts three arguments not raised at trial. We review for fundamental error, *State v. Lopez*, 217 Ariz. 433, 434-35, ¶ 4 (App. 2008), and find none. He first argues that Detective Godbehere's testimony improperly bolstered the victim's credibility, but the record does not support the argument. Detective Godbehere testified that investigators have "a lot of reasons" for not referring matters for indictment and prosecution. Moreover, Detective Godbehere explained that an indictment turns on probable cause as measured by all evidence, not just the victim's credibility.

¶9      Defendant next argues that Detective Godbehere's testimony constituted impermissible prosecutorial vouching. Prosecutorial vouching, however, requires "personal assurances" made by the prosecutor "of a witness' truthfulness." *See State v. Dunlap*, 187 Ariz. 441, 462 (App. 1996);

*see also State v. Acuna Valenzuela*, 245 Ariz. 197, 219, ¶ 86 (2018) (prosecutor's comments did not constitute vouching because she did not "use 'I' or 'me' to indicate what her personal opinion on the case was to the jury" (emphasis omitted)).  Defendant never identifies such "personal assurances" in the record.

¶10        And last, Defendant argues that Detective Godbehere's testimony improperly "appeal[ed] to the passions, fears, or prejudices of the jury."  But the court instructed jurors that: "A charge is not evidence against the defendant. You must not think the defendant is guilty just because of a charge."  It also cautioned the jury not to be influenced by sympathy or prejudice.  The jury is presumed to have followed those instructions and Defendant has offered no evidence to rebut that presumption. *See State v. Murray*, 184 Ariz. 9, 25 (1995).

## CONCLUSION

¶11        We affirm Defendant's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA