NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EMORY PAUL BUSSEY, JR., *Appellant.*

Nos. 1 CA-CR 23-0362 and 1 CA-CR 23-0390
(Consolidated)

FILED 08-08-2024

Appeal from the Superior Court in Maricopa County
Nos. CR2022-115250-001, CR2023-107444-001
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**W E I N Z W E I G**, Judge:

**¶1**        Emory Bussey appeals his convictions and sentences for aggravated assault and preventing use of a telephone in emergency. Because he shows no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        This criminal appeal stems from an episode of domestic violence. Bussey strangled his mother ("Mother") three times during an evening fight and then confiscated her cell phone to prevent her from calling the police. Mother retrieved her phone after Bussey fell asleep and she called police. Police responded, along with the paramedics, who found bruises on Mother's neck and rushed her to a Chandler hospital.

**¶3**        Police asked a registered nurse who works for a hospital to forensically examine Mother at the hospital. The nurse later testified that forensic examinations are done to assess a patient's injuries, provide medical assistance and collect evidence for law enforcement. Mother told the nurse what Bussey had done.

**¶4**        Bussey was arrested. He was charged with aggravated assault and preventing use of a telephone in emergency. The nurse testified at trial. She read her report from the forensic examination and detailed what Mother told her. The jury also heard testimony from Bussey and Mother. Bussey was found guilty of both charges and sentenced to concurrent prison terms of 7.5 years for aggravated assault and four months for preventing the use of a telephone in emergency.

**¶5**        Bussey timely appealed. We have jurisdiction. *See* Ariz. Const. art. VI, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A).

---

[1]        We view and thus recount the facts in the light most favorable to sustaining the jury's verdict here with all reasonable inferences resolved against Bussey. *State v. Nelson*, 214 Ariz. 196, ¶ 2 (App. 2007).

**DISCUSSION**

¶6          Bussey argues the superior court erred when it allowed the nurse to read and recount hearsay evidence into the record. Because Bussey never raised the issue at trial, we review for fundamental error, which requires an error that is both fundamental and prejudicial. *See State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018).

¶7          Hearsay is an out of court statement which "a party offers in evidence to prove the truth of the matter asserted." Ariz. R. Evid. 801(c). Hearsay is generally inadmissible, but there are several exceptions. *See* Ariz. R. Evid. 802–804. One applies to statements made for purposes of medical diagnosis or treatment and for describing medical history pertinent to diagnosis or treatment. Ariz. R. Evid. 803(4). This exception assumes that a patient provides reliable information to medical practitioners when seeking treatment. *State v. Lopez*, 217 Ariz. 433, 435, ¶ 8 (App. 2008).

¶8          To determine whether hearsay evidence is admissible under this exception, Arizona courts ask two questions: (1) whether the declarant's apparent motivation was consistent with receiving medical care, and (2) whether it would be reasonable for a physician to rely on the information in diagnosis or treatment. *State v. Robinson*, 153 Ariz 191, 199 (1987). A statement need not be made to a physician to be admissible. *State v. Rushton*, 172 Ariz. 454, 457 (App. 1992).

¶9          Bussey argues the exception does not apply here because "[n]o evidence was offered that the nurse was present at least in part, to offer medical treatment or to rely on the declarant's statements for diagnosis or treatment." Not so.

¶10          The record has substantial evidence that Mother saw the nurse for a medical diagnosis or treatment. The hospital nurse asked Mother about her injuries and medical history and offered medical advice on how to treat those injuries. The nurse testified (more than once) that she conducted the forensic exam to "provide treatment" and evaluate Mother's medical needs. And the record has substantial evidence that a physician could have reasonably relied on the challenged evidence. *See Lopez*, 217 Ariz. at 437, ¶ 13 ("it [is] important to get an accurate history of what happened in order to know where to look for injury").

¶11          We are mindful that the hospital nurse had dual purposes to treat the patient and collect evidence. But *Lopez* controls. There, the police provided a sexual assault kit to a medical practitioner with specific questions to ask during the exam. *Id.* at ¶ 14. Our court held that

"statements relevant to diagnosis or treatment can be admissible even when the recipient of the statements engages in the dual purposes of medical examination and evidence collection." *Id.* at ¶ 15.

¶**12**    Bussey also argues the statements do not qualify for the exception because police officers asked the hospital nurse to conduct a forensic exam and the nurse would not have otherwise conducted the exam. But that misses the mark, too. What matters is the declarant's intent, *Robinson*, 153 Ariz. at 199; *Lopez*, 217 Ariz. at 436–37, ¶ 12, and the evidence in the record shows that Mother made statements to the hospital nurse for purposes of medical treatment.

¶**13**    Lastly, even if it was error for the court to admit this evidence, it does not rise to fundamental error. Bussey argues the admission of the evidence was prejudicial because it "unfairly bolstered [Mother's] testimony." We are not persuaded. Here, there was other testimony from Mother and the police officer giving almost an identical description of what happened as what was read to the jury from the forensic exam. The erroneous admission of cumulative evidence does not rise to fundamental error. *State v. Moody*, 208 Ariz. 424, 455, ¶ 121 (2004) ("Thus even if admission of the [] records were error, those records were merely cumulative and did not deprive [the defendant] of a fair trial.").

## CONCLUSION

¶**14**    Finding no error, we affirm Bussey's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

4