NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SCOTT TAFOYA, *Appellant*.

No. 1 CA-CR 25-0028

FILED 11-14-2025

Appeal from the Superior Court in Navajo County
No. SO900CR202300440
The Honorable Dale P. Nielson, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

The Rigg Law Firm PLLC, Pinetop
By Brett R. Rigg
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1		Scott Tafoya appeals his conviction of failure to appear and the resulting sentence.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2		In March 2023, Tafoya was involved in a car crash in which his four-year-old son suffered a serious physical injury.  The State charged Tafoya with multiple felony offenses arising out of the collision.

¶3		Just over a week later, an officer with the Navajo County Sheriff's Office served Tafoya with a summons to appear in the criminal matter, handing the paperwork to him face-to-face.  The summons noted the criminal case number, listed the charges against Tafoya, and stated, "YOU ARE HEREBY SUMMONED to appear before [the Navajo County Superior] Court at Holbrook, Arizona in Division **3** at **9:00 AM** on **MONDAY APRIL 10, 2023**."  (Emphases in original.)  The summons warned Tafoya that a warrant would be issued for his arrest should he fail to appear.  Tafoya did not appear for his arraignment on April 10, 2023, and the court issued a warrant for his arrest.

¶4		That same day, because Tafoya did not go to his arraignment, the State charged him with first-degree failure to appear.  One week later, a Holbrook police officer noticed Tafoya attempting to duck and hide in the front passenger seat of a car, then leave the vehicle and attempt to run away on foot.  The officer caught up with Tafoya, confirmed he had an outstanding warrant, and arrested him.  During the arrest, the driver asked Tafoya, "you know you had court, right?" and Tafoya responded that he "put in a motion to get it dismissed."  But no such motion was filed.

¶5		Tafoya testified on his own behalf during the two-day jury trial on the failure-to-appear charge.  He explained that he did not read the summons or understand that it related to criminal charges against him, assuming instead that it had to do with his then-pending case with the Department of Child Safety ("DCS").

2

**¶6** After considering Tafoya's testimony and the State's contrary evidence, the jury found Tafoya guilty of failure to appear. The court then sentenced him to a minimum term of four years' imprisonment, with credit for 108 days of presentence incarceration.

**¶7** Tafoya timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

**¶8** Tafoya argues that his conviction was not supported by sufficient evidence and that prosecutorial error and instructional error warrant reversal.

### I. Sufficiency of the Evidence.

**¶9** We review the sufficiency of the evidence de novo, *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011), viewing the facts in the light most favorable to upholding the verdict, *State v. Girdler*, 138 Ariz. 482, 488 (1983). Substantial evidence to support a conviction is evidence that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004). A fact may be proven by direct or circumstantial evidence. *See State v. Stuard*, 176 Ariz. 589, 603 (1993).

**¶10** First-degree failure to appear requires proof that a defendant charged with a felony was required to appear in court and "knowingly" failed to appear. A.R.S. § 13-2507(A). "'Knowingly' means . . . that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13-105(10)(b).

**¶11** Tafoya does not contest the fact that he was required to appear in connection with the felony charges against him or that he failed to do so, and the evidence supports those elements. Tafoya asserts only that the State failed to prove he "knowingly" failed to appear, suggesting instead that he simply did not understand the summons.

**¶12** The evidence showed, however, that Tafoya received a summons specifically delineating the criminal case number, the felony charges against him, and the time and place at which he had to appear—information that was emphasized in an all caps, bold, and underscored font. The law enforcement officer who served the summons confirmed handing it to Tafoya directly, and Tafoya acknowledged receiving it. Further,

during the stop, when the driver said, "you know you had court, right?" Tafoya responded that he had moved to dismiss the case—but he did not deny knowing he had a court date. This evidence gave the jury ample basis to infer that Tafoya knew he was required to appear to answer felony charges and knowingly failed to do so. *See State v. Harvill*, 106 Ariz. 386, 389 (1970) ("Circumstantial evidence in this respect is intrinsically no different from testimonial evidence." (quoting *Holland v. United States*, 348 U.S. 121, 140 (1954))); *State v. Cox*, 217 Ariz. 353, 357, ¶¶ 22, 27–28 (2007) (noting sufficient evidence of "knowingly" based on a combination of direct and circumstantial evidence).

**¶13** Largely relying on his own testimony, Tafoya asserts that he was simply confused and did not realize the summons related to felony charges, assuming instead that the paperwork pertained to his DCS case. The summons itself, however, expressly listed felony charges, and the jury did not have to accept Tafoya's alternative explanation. *See State v. Fischer*, 242 Ariz. 44, 49, ¶ 15 (2017) ("Appellate courts . . . defer to the factual findings of the jury . . . .").

**¶14** Tafoya argues that there was no evidence he intentionally sought to avoid court proceedings. But "knowingly," not "intentionally," is the required mental state. *See* A.R.S. § 13-2507(A). Tafoya also argues that he reasonably misunderstood what was required because of the purportedly confusing summons and the emotional turmoil of concurrent DCS proceedings. But it was Tafoya's responsibility to read the summons, rather than assume it was regarding a different case. Moreover, the summons is clearly not related to a DCS case, as it mentions four counts of criminal conduct, and no children are named. The fact that Tafoya was undergoing DCS proceedings does not negate an inference of an actual, knowing awareness of a duty to appear for the criminal case.

## II. Prior Failure-to-Appear Conviction.

**¶15** Tafoya argues that the superior court erred by permitting the State to impeach him with a prior misdemeanor conviction for failure to appear, asserting that the evidence was inadmissible under Rule 404(b) of the Arizona Rules of Evidence. He also argues that his previous failure to appear was not relevant to any permissible non-propensity purpose.

**¶16** "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Ariz. R. Evid. 404(b)(1). But such evidence may "be admissible for other purposes, such as . . . absence of mistake or accident." Ariz. R.

Evid. 404(b)(2). When other-act evidence is offered for a permissible purpose, "it may be admissible under Rule 404(b), subject to Rule 402's general relevance test, Rule 403's balancing test, and Rule 105's requirement for limiting instructions." *State v. Ferrero*, 229 Ariz. 239, 242, ¶ 12 (2012).

**¶17** We generally review a 404(b) ruling for abuse of discretion. *State v. Roscoe*, 184 Ariz. 484, 491 (1996). Because Tafoya did not object on this basis at trial, we review only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018); *see also State v. Lopez*, 217 Ariz. 433, 434, ¶ 4 (App. 2008) ("[A]n objection on one ground does not preserve the issue on another ground.").

**¶18** In his opening statement, Tafoya's attorney stated that there would be no evidence that Tafoya had ever failed to appear in court. And Tafoya testified that he was never cited or charged with failure to appear.

**¶19** Tafoya had in fact previously been convicted of misdemeanor failure to appear, so the State requested permission to impeach him with evidence of that prior conviction. The court granted that request, and the State elicited testimony from Tafoya acknowledging that he had a conviction for failure to appear in September 2020.

**¶20** Because Tafoya testified that he had never been charged with failure to appear, the court properly allowed the State to impeach him with his misdemeanor failure-to-appear conviction. *See* Ariz. R. Evid. 608(b)(1). And the court properly instructed the jury that evidence of the conviction could be used only to assess Tafoya's credibility, not as evidence of guilt. *See* Ariz. R. Evid. 105. His claim of error is unavailing.

### III. Prosecutorial Error.

**¶21** Tafoya argues that the prosecutor mischaracterized the State's burden of proof of the "knowingly" mental state during closing argument and that there is a reasonable likelihood the error affected the jury's verdict, depriving him of his constitutional right to a fair trial. Because Tafoya failed to object to the State's alleged error during trial, we review only for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).

**¶22** Prosecutorial error warrants reversal only if (1) error occurred and (2) there is a reasonable likelihood the error could have affected the jury's verdict and thus denied the defendant a fair trial. *State v. Moody*, 208 Ariz. 424, 459, ¶ 145 (2004); *see also In re Martinez*, 248 Ariz. 458, 469–70,

¶¶ 46–47 (2020) (defining and distinguishing between prosecutorial error and prosecutorial misconduct).

**¶23** During rebuttal closing argument, the prosecutor stated:

> I don't know why the suggestion was made that I have to prove beyond a reasonable doubt that he knew he was going to get charged in criminal court because of that incident, that's not a burden that I have. The point that I was making was that a person having been involved in that situation would be wondering, would be concerned, would be fearful, oh, boy, might I get in trouble criminally? Might some prosecutor be thinking I'm culpable? That's the issue, that's the alert issue. It's not that he had to know it, that he's concerned. Common sense screams that a person in his situation would be concerned about forthcoming charges.

**¶24** The statement was not error. The State's closing argument was about what was required to show that Tafoya knew he was being *charged* in criminal court, not the State's burden of proof that Tafoya "knowingly" *failed to appear*. In Tafoya's closing argument, defense counsel described the accident and then asserted that a person in Tafoya's position would not immediately think they would be charged with a felony. The prosecutor's statement responded to defense counsel's argument that the State had to prove Tafoya knew at the time of the collision that charges were forthcoming. *See State v. Trostle*, 191 Ariz. 4, 16 (1997) ("Comments that are invited and prompted by opposing counsel's arguments are not improper if they are reasonable and pertinent to the issues raised."). Taken in context, the complained-of statement was a fair rejoinder to Tafoya's closing argument and did not relate to the burden of proof to establish that Tafoya "knowingly" failed to appear in court.

**¶25** Finally, the jury was properly instructed several times on the elements of the offense and the definition of knowingly. Tafoya has not established prosecutorial error, much less fundamental error.

**CONCLUSION**

¶26      We affirm Tafoya's conviction and sentence.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR